Neall *v.* Hill.

It then avers that these certificates were accepted in full settlement and discharge of the debt of the plaintiff; that a demand was made on the drawers in April, 1859, and that the certificates remain unpaid.

The Court below sustained the demurrer, and the plaintiff not amending his complaint, final judgment was entered for defendant. Plaintiff appeals.

*James B. Townsend,* for Appellant.

*D. Lake,* for Respondent.

---

## NEALL *v.* HILL *et al.*

IN suit by a stockholder against a corporation and its officers, praying for their removal, and for an account and settlement of the affairs of the corporation, the decree, after a full hearing on the merits, was in accordance with the prayer, and also appointed a Receiver to take charge of the property of the corporation, until the further order of the Court; collect money due or to become due it; sell certain stock, and pay the proceeds in accordance with the decree, etc.: *Held,* that this provision in the decree does not destroy its effect as a final decree, and that an appeal lies therefrom.

The power of removing the private or ministerial officers of a private corporation, belongs to the corporation alone. Courts cannot remove such officers.

The aid of Courts can be invoked only as against such officers as are intrusted by law with the management of the affairs of a corporation, and as against these, the remedy is at law, and not in equity.

Neall *v.* Hill.

In suit by a stockholder in a private corporation, against the corporation and four
    of the trustees, who owned stock sufficient to enable them to control the busi-
    ness of the company, for an account and settlement of its affairs, alleging
    fraud and mismanagement on the part of the trustees, the Court below, by its
    decree, deprived one of said trustees of his salary as superintendent of the
    business of the corporation : *Held,* that this was error ; that although such
    superintendent was also trustee and treasurer of the corporation, contrary to
    a positive provision of the by-laws ; and although, in the management of the
    business of these offices, no attention had been paid to the by-laws and regula-
    tions of the corporation, yet as no fraud was shown, and as the superintendent
    had faithfully performed his duties as such, he was entitled to his salary.
If, in such case, any loss was sustained by the corporation, from disregard of its
    by-laws and regulations, the amount of such loss would seem to be the measure
    of relief.
A Court of Equity has no jurisdiction over corporations, for the purpose of
    restraining their operations or winding up their concerns. Such Court may
    compel the officers of the corporation to account for any breach of trust, but
    the jurisdiction for this purpose is over the officers personally, and not over
    the corporation.
Hence, in this case, it was error in the Court below to appoint a Receiver and
    decree a sale of the property and a settlement of the affairs of the corporation.
Such decree necessarily results in the dissolution of the corporation, and would be
    doing indirectly what the Court has no power to do directly.
To charge the officers of a corporation with a loss sustained by a stockholder, in a
    diminution of the value of the stock, alleged to have been caused by their
    mismanagement, it should appear very clearly that the loss was occasioned by
    their gross negligence or willful misconduct.
Where four of the trustees of a private corporation, owning sufficient stock to control
    its business, conduct the business in a grossly negligent manner, systematically
    disregarding the by-laws, keeping no account of receipts and expenditures, fail-
    ing to pay their own assessments, without any excuse : *Held,* that a stockholder
    may sue in equity for an account, making the corporation and said trustees
    alone parties—no objection being taken that all the stockholders were not
    parties—and the trustees will be compelled to make good any loss occasioned
    by their negligence or improper conduct.

APPEAL from the Eleventh District.

Plaintiff, a stockholder in the Gold Hill and Bear River Water
Company, a corporation under the laws of this State, filed his bill
against the corporation, and Hill, Smith, Devane, and Lassiter, also
stockholders, averring that defendant Hill is president, treasurer and
superintendent of the company ; that defendant Smith is secretary, and
that these four, with another, owned a majority of the stock of the
company, and procured themselves to be elected trustees of the corpo-

ration; that this was in violation of the by-laws, which prohibited the treasurer and secretary from being trustees; that these defendants, as trustees, have been guilty of fraud, mismanagement, and collusion, with the intent to depreciate the value of the stock, and get it all into their hands.   Bill prayed that Hill be removed from office, and for an account, sale of stock, and a winding up of the affairs of the corporation.   The answer admits the allegations, excepting the charges of fraud, etc.

On the coming in of the report of the Referee, to whom the case was sent to take the account, the Court below made a decree removing Hill and Smith from their offices, ordering a sale of the property of the corporation, enjoining it from transacting any business, and appointing a Receiver to take entire possession of the property and business. It was further decreed as to Hill, that he pay several thousand dollars to the corporation, for money received over and above that paid out; that his shares of stock be sold for the payment thereof, as also for the payment of $1,900 to plaintiff, for loss sustained by depreciation of his stock from the malfeasance of Hill.

At the conclusion of the decree, the Court uses this language: "Now to the end that this decree may be fully carried out, and that no inconvenience may result from the removal from office of the treasurer, superintendent, and secretary, ——— is hereby appointed a Receiver," to take possession of all the property, real and personal, of the corporation, including books, papers, etc., and keep the same until further order; to sell the shares of stock named in the decree as belonging to said trustees, and apply the proceeds as therein directed; and generally to collect all money due the corporation, or to become due from rates of water, pay expenses, etc., and bring the remainder into Court.

Defendants appeal.

*Tuttle & Hillyer,* for Appellants.

*E. B. Crocker and Horace Smith,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

A motion is made in this case to dismiss the appeal, upon the ground that the judgment appealed from is not final.   There is no foundation for this motion.   The fact that the judgment provides for the taking of

an account, does not destroy its effect as a final adjudication of the rights of the parties. It terminated the entire controversy in the Court below upon the merits. Every matter in issue was settled by it, and we are unable to see that anything is wanting to render it a final judgment within the meaning of the statute. Our opinion is, that the appeal is properly taken, and the motion to dismiss is therefore denied.

The action was brought to compel an account and obtain a settlement of the affairs of a corporation. The plaintiff is a stockholder, and the corporation and four of the trustees are made defendants. It is alleged that these trustees are the owners of stock sufficient to enable them to control the business of the company, and various acts of fraud and mismanagement are charged in the complaint. The case was referred to a Referee to try the issues and report the facts, and upon the coming in of the report, a judgment was rendered in accordance with the prayer of the complaint. We shall consider such of the specific objections to this judgment as seem to require notice.

That portion of the judgment which undertakes to remove certain officers of the company, and to enjoin them from discharging the duties of their respective offices, cannot be maintained. The Court had no power to administer relief of this character, and the attempt to do so was an improper exercise of judicial authority. The officers sought to be removed were the private agents of the company, not essential to its corporate existence, and removable at pleasure. If the Courts may direct a corporation in the employment of such agents, or remove them when employed, we do not see why they may not exercise the same authority with reference to individuals. The assumption of such authority could be justified by the same reasoning which would justify the action of the Court in this case. The power of amotion is incident to every corporation, and the removal of the mere private or ministerial officers of a corporation is a right which belongs to the corporation alone. The assistance of the Courts can only be invoked against such officers as are intrusted by law with the management of the affairs of the corporation, and as against these, the remedy is purely legal. It is well settled that there is no jurisdiction in equity with regard to the removal of corporate officers of any description. This has been expressly decided in several cases.

In the case of the *Attorney General* v. *The Earl of Clarendon*, (17 Ves. 491) the principal object of the suit was the removal of the gov-

ernors of Harrow School; but the Court refused to interfere, and Sir William Grant, Master of the Rolls, said: " By the letters patent of Queen Elizabeth, the governors are constituted a body corporate. This Court, I apprehend, has no jurisdiction with regard either to the election or the amotion of corporators of any description."

In *Bayless* v. *Orne* ( 1 Freeman Ch. R. 171) the same doctrine was maintained. "It may be contended," said the Court, "that the bill in this case does not ask a *removal* of the officers, but we consider that an injunction indefinitely suspending an officer is in its character so near akin to an absolute removal as to defy any sound distinction between the two modes of accomplishing the same thing. The right of amoving the officers of a private corporation belongs exclusively to the corporation itself; this Court has no jurisdiction or power for such purpose. * * * * If this be true, it would seem to follow that this Court cannot, by injunction, suspend a corporator or officer from the exercise of his corporate or official privileges, and thus do indirectly that which may not be done directly."

There are no contravening authorities upon this subject, and in all cases where this power has been exercised by a Court of Chancery, the jurisdiction has been expressly conferred by statute.

Our opinion is, that an error was also committed in reference to the salary of one of the defendants, as superintendent of the business of the corporation. It was shown that his duties in that capacity had been faithfully performed, and we see no reason for depriving him of the salary to which he is entitled under a contract with the company. It is true, this defendant, in addition to his superintendency, was a trustee of the corporation, and held the office of treasurer, in violation, it is said, of a positive provision upon the subject in the by-laws of the company. In his connection with these offices, various acts of fraud and mismanagement are charged against him ; but many of these charges are entirely unsupported by proof, and there is nothing in the evidence from which we can reasonably infer that any of these acts were induced by fraudulent motives. It was shown that in the management of the business of these offices, no attention had been paid to the by-laws and regulations of the company; but it does not appear that any fraud was either committed or intended; and if any loss was sustained on this account, it would seem that the amount of this loss should constitute the measure of relief.

We are also of opinion that the Court erred in the appointment of

a Receiver, and in decreeing a sale of the property and a settlement of the affairs of the corporation. This decree, if permitted to stand, must necessarily result in the dissolution of the corporation; and in that event the Court will have accomplished in an indirect mode that which, in this proceeding, it had no power to do directly. It is well settled that a Court of Equity, as such, has no jurisdiction over corporate bodies, for the purpose of restraining their operations or winding up their concerns. We do not find that any such power has ever been exercised, in the absence of a statute conferring the jurisdiction. There is no doubt that in the present case the Court had jurisdiction to compel the officers of the corporation to account for any breach of trust; but the jurisdiction for that purpose was over the officers personally, and not over the corporation.

"I admit," said Chancellor Kent, in a leading case upon this subject, "that the persons who, from time to time, exercise the corporate powers, may, in their character of trustees, be accountable to this Court for a fraudulent breach of trust, and to this plain and ordinary head of equity the jurisdiction of this Court over corporations ought to be confined." (*Attorney General* v. *The Utica Insurance Co.*, 12 Johns. Ch. R. 371.)

"It cannot be concealed," said the Chancellor, in *Bayless* v. *Orne*, before referred to, "that to decree the prayer of the complainant's bill would be to decree a dissolution of the corporation. In this respect, it differs materially from bills which have frequently been entertained by Courts of Equity, at the instance of stockholders, against the directors of a corporate company, to compel them to account for the improper use of funds, or to restrain them from violating their trust. That a Court of Equity, as such, has not jurisdiction or power over corporate bodies, for the purpose of restraining their operations or winding up their concerns, is, I think, well settled by various authorities." (See also, *Verplank* v. *The Mercantile Insurance Co.*, 1 Edw. Ch. R. 84; *Attorney General* v. *The Bank of Niagara*, 1 Hopkins, 354.)

It remains to be determined whether, upon the facts of this case, the plaintiff is entitled to any relief whatever. In respect to the diminution in the value of the stock, it does not sufficiently appear that such diminution was caused by any mismanagement of the officers of the corporation. We do not think that, under the circumstances, any loss on this account is justly chargeable to these officers. A liability of this character should only be enforced in a very clear case, and where

the loss has been occasioned by gross negligence or willful misconduct.

We think, however, that the plaintiff is entitled to an account. His right to maintain an action for that purpose is too well settled to become a subject of controversy. (See Ang. & Ames on Corp. sec. 312; *Robinson* v. *Smith,* 3 Paige Ch. R. 222.) It is true, all the stockholders are not made parties; but no objection was interposed on that ground, and it must therefore be regarded as waived. The parties proceeded against have entire control of the corporation, and if the stockholders are not permitted to sue, there is no way of enforcing the accountability of these parties. It appears that the financial affairs of the corporation have been conducted in a loose and unbusinesslike manner, and that these affairs have become so confused and complicated it is extremely difficult, if not impossible, to ascertain the condition of the company. It seems that no regular account of receipts and expenditures has ever been kept, and that in this respect, as well as in the entire management of the revenues of the corporation, the by-laws have been systematically disregarded, and their provisions, intended for the safety and security of the stockholders, entirely ignored. It is possible that these facts might, in a proper proceeding, be sufficient to authorize a dissolution of the corporation. But in the present case no such relief can be administered, and the most that can be done is to compel an account, and require the officers of the corporation to make good any loss occasioned by their negligence or improper conduct. It appears that in 1855 an assessment was levied upon the stock of the company for the payment of debts, and that a portion of this assessment was not paid until after the commencement of this suit. Reparation should be made for the delay in the collection of that portion of the assessment. The stock charged with the payment of such portion belonged to certain of the defendants, who were trustees of the company, and had power either to defeat or enforce the collection. The failure to collect was necessarily injurious to the corporation, and as no excusing circumstances are shown, we must regard such failure as the result of gross negligence or willful dereliction of duty. It is unnecessary for us to determine whether the Court or the Referee was correct as to the extent of the injury sustained on account of this failure. We leave that matter for the further consideration of the Court.

It is said that the acts and omissions, which are now complained of as breaches of duty on the part of the officers of the corporation, have

been acquiesced in by the stockholders, and it is contended that under these circumstances the present action cannot be maintained. But so far as the plaintiff is concerned, no such acquiescence appears, and the acquiescence of the person from whom he purchased is only material as affecting the extent of the liability of these officers.

From what has been said, it follows that the judgment of the Court below must be reversed. Upon the return of the cause, that Court will take such further action in the premises as is consistent with the rights of the parties and the views expressed in this opinion.

Judgment reversed, and cause remanded for further proceedings.