[15175. In Bank.— April 1, 1893.]

JACOB A. FISCHER et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF TUOLUMNE et al., Respondents.

Partnership— Use of Mining Corporation as Mere Agency— Action for Dissolution and Accounting— Receiver— Prohibition.— Where in a suit in equity for the dissolution of a copartnership, for an accounting and for the setting aside of certain transfers of stock in a mining corporation, on the ground of fraud practiced by an alleged copartner defendant, to which the mining corporation was made a party defendant, the complaint alleged that although the title to the mine stood in the name of the corporation, the copartners as such owned and worked it, and that the partnership still existed, and that the corporation was a mere name and agent of the partnership, and not the owner of the mine, and the court found the allegations to be true, and rendered a judgment

in favor of the plaintiff, the court was authorized to make an order appointing a receiver to take charge of and manage and work the mine, and a writ of prohibition will not be granted by the supreme court to restrain the receiver from acting under such order.

ID. — TITLE TO MINE IN NAME OF CORPORATION — PARTNERSHIP ASSETS — APPOINTMENT OF RECEIVER. — Where the title to a mine belonging to a partnership stands in the name of a mining corporation, which possesses no interest in the property, the property is assets of the copartnership, and the court is authorized to appoint a receiver to take charge of and work the mine, in an action for dissolution and accounting of the partnership, notwithstanding the legal title is in the corporation.

APPLICATION to the Supreme Court for a writ of prohibition.

The facts are stated in the opinion of the court.

*Scrivner & Schell,* and *Wheaton, Kalloch & Kierce,* for Petitioner.

The superior court had no power to take from the corporation its property, and assume the control and possession thereof, so long as the corporation was the undisputed owner, and the writ of prohibition should be granted, and the property restored to the corporation. (*French Bank Case,* 53 Cal. 495; *Neall* v. *Hill,* 16 Cal. 145; 76 Am. Dec. 508; *Havemeyer* v. *Superior Court,* 84 Cal. 327; 18 Am. St. Rep. 192; *Cortleyeu* v. *Hathaway,* 64 Am. Dec. 478, and note; *Chollar Min. Co.* v. *Wilson,* 66 Cal. 374; *Wattson* v. *Dowling,* 26 Cal. 126, 127; *Stevens* v. *State,* 35 Am. Dec. 72, and note; *Ex parte Hollis,* 59 Cal. 412; *Ex parte Casey,* 71 Cal. 269, 270.) Although the corporation is the agent and trustee of the stockholders, nevertheless it is the actual owner of its property, which does not belong to the stockholders, who have no right to sell it. (*Gorham* v. *Gilson,* 28 Cal. 483, 484; *Gashwiler* v. *Willis,* 33 Cal. 19; 91 Am. Dec. 607; *Miner's Ditch Co.* v. *Zellerbach,* 37 Cal. 591; 99 Am. Dec. 300; *Wright* v. *Oroville Min. Co.,* 40 Cal. 20; *Clark* v. *San Francisco,* 53 Cal. 311, 312; *McCormick* v. *Springfield F. & M. Ins. Co.,* 66 Cal. 363.) The pretense that the stockholders may appropriate to themselves the property of the corporation is untenable. (*Martin* v. *Zellerbach,* 38 Cal. 306; 99 Am. Dec. 365; *Kohl* v. *Lilienthal,* 81 Cal. 384, 386.)

*James L. Crittenden,* for Respondents.

The agreement between the copartners to organize the corporation as the name and agent of the copartnership, and to carry

on the business of the copartnership in that name, is legal and binding. (*Chater* v. *San Francisco Sugar Refinery Co.*, 19 Cal. 246, 247; *Shorb* v. *Beaudry*, 56 Cal. 446, 450, 451; *Cornell* v. *Corbin*, 64 Cal. 197–200; *Clute* v. *Loveland*, 68 Cal. 254, 258, 259; *Kohl* v. *Lilienthal*, 81 Cal. 378, 397, 398.) Substantial justice can be administered in this case by treating the parties in the light of their agreements between themselves independently of their incorporation, and in no other way. (*Chater* v. *San Francisco Sugar Refinery Co.*, 19 Cal. 246, 247; *Shorb* v. *Beaudry*, 56 Cal. 446, 450, 461; *Cornell* v. *Corbin*, 64 Cal. 197–200; *Clute* v. *Loveland*, 68 Cal. 254, 258, 259; *Kohl* v. *Lilienthal*, 81 Cal. 378.) The writ should be denied because the defendants have a plain, speedy, and adequate remedy by appeal. (*Murphy* v. *Superior Court*, 84 Cal. 592; *Agassiz* v. *Superior Court*, 90 Cal. 101, 103; *Mines D'Or de Quartz etc.* v. *Superior Court*, 91 Cal. 101; High on Extraordinary Legal Remedies, secs. 770, 771.) The writ should also be denied, because to grant it would be in effect to restrain the execution of the judgment of the superior court which is subject to appeal. (*Clark* v. *Lassen Co.*, 55 Cal. 199.) The writ should also be denied because the very question of fact raised before this court on this application had already been submitted to the trial court. (*Chester* v. *Colby*, 52 Cal. 516.)

*Pillsbury, Blanding,* and *Hayne,* for Receiver.

The direct adjudication of the trial court that the corporation had no real interest in the property, but held it as a mere agent for the copartnership, is conclusive in this proceeding, and the writ should be denied. (*Von Roun* v. *Superior Court*, 58 Cal. 359; *Sacramento etc. R. R. Co.* v. *Superior Court*, 55 Cal. 456.) The fact that the property was corporate property did not render it incompetent for the court to take possession of it through a receiver. (*McLane* v. *P. & S. V. R. R. Co.*, 66 Cal. 616; *Wallace* v. *Loomis*, 97 U. S. 162; *Miltenberger* v. *Logansport R. R. Co.*, 106 U. S. 310.) The appointment of the receiver did not dissolve the corporation. (*State* v. *Merchant*, 37 Ohio St. 253; *Bank of Bethel* v. *Pahquioque Bank*, 14 Wall. 383; *O. & M. R'y Co.* v. *Russell*, 115 Ill. 57; *Heath* v. *M. K. & T. R'y*, 82 Mo. 621; *Safford* v. *People*, 85 Ill. 560, 561; *City Ins. Co.*

v. *Commercial Bank*, 68 Ill. 350; *Moseby* v. *Burrow*, 52 Texas, 403; *State, etc.* v. *R. R. Comm'rs*, 41 N. J. L. 235.) As the court had the power to appoint a receiver, the appellate court cannot on writ of prohibition inquire as to whether the appointment was justified by the facts or not. (*Shimmins* v. *Fifteenth Dist. Ct.*, 57 Cal. 148; *Goodale* v. *Fifteenth Dist. Ct.*, 56 Cal. 26.) Under the facts in this case, however, the court was justified in appointing the receiver, as the majority of the board of directors were guilty of fraud, and were also insolvent. (*Haywood* v. *Lincoln Lumber Co.*, 64 Wis. 639; *Stevens* v. *Davison*, 18 Gratt. 819; *Featherstone* v. *Cooke*, Law R. 16 Eq. 298; *Wayne Pike Co.* v. *Hammons*, 129 Ind. 369; Beach on Receivers, sec. 86; 1 Morawetz on Private Corporations, sec. 281; *Wilson* v. *Roach*, 4 Cal. 362; *Du Val* v. *Marshall*, 30 Ark. 230.) The writ of prohibition is a prerogative writ and issues only in the discretion of the court; and the circumstances in this case are such as should induce the appellate court to withhold its discretion in granting the writ asked for. (*Spring Valley Water Works* v. *San Francisco*, 52 Cal. 117; *Chester* v. *Colby*, 52 Cal. 517; *Southern Pacific R. R. Co.* v. *Superior Court*, 59 Cal. 472; 3 Blackst. Com. p. 112.) The writ should not issue in this case, as there is a plain, speedy, and adequate remedy by appeal. (Code Civ. Proc., sec. 1103; *Agassiz* v. *Superior Court*, 90 Cal. 104.)

GAROUTTE, J.—During the pendency of an action entitled *Behlow et al.* v. *Fischer et al.*, one Lane was appointed receiver to take possession of and manage certain mining property pending the result of the litigation. Subsequently a judgment was rendered for plaintiffs in said action, in which judgment said Lane was re-appointed receiver, with full power and authority to manage, conduct, and carry on this mining property.

The present proceeding is an application for a writ of prohibition, commanding respondents to desist from acting under said order. The application for the writ and the order to show cause were made prior to the rendition of the aforesaid judgment, but that judgment includes the authority under which the receiver is now acting, and for that reason we shall address ourselves to the legal sufficiency of that authority, although the

jurisdictional question presented is probably the same under either order, and the argument of counsel so seem to concede.

Petitioner's position, as stated in his reply brief, is that the "superior court acted without jurisdiction in wresting the possession of the mines from the corporation, which was the undisputed owner of them, and placing a receiver in charge of them and carrying on the business of the corporation." The case of *Behlow* v. *Fischer* is now in' this court upon an appeal from the very judgment in which the order appointing the receiver, and which order we are now considering, is found; and that nothing may be said in this opinion which might interfere to any degree with the full consideration of the appeal upon the merits when it is finally submitted, we feel constrained to confine the examination at hand within narrow limits.

The action of *Behlow* v. *Fischer* may fairly be said to be a suit in equity for the dissolution of a copartnership, for an accounting and for the setting aside of certain transfers of stock on the ground of fraud practiced by the alleged copartner, Fischer. A corporation known as the Consolidated Golden Gate and Sulphuret and Developing Company was joined as codefendant, it appearing that the title to the property over which the receiver was placed in charge stood in the name of said corporation.

It will not be necessary to enter into a discussion of the principles and authorities relied upon to sustain the proposition that a court of equity cannot appoint a receiver to take possession of the property of a corporation pending litigation, for petitioner's case fails before it reaches that position.

The complaint charged that Behlow, Fischer, and others were copartners, and as such owned and worked the mining property mentioned in this litigation; that said partnership has not been dissolved, but still exists; that said copartners, with the object and purpose of carrying on the business of said copartnership by said corporation, under a corporate name, organized the corporation defendant heretofore referred to. It was further agreed as to the parties who should hold the offices and conduct the various business affairs of said copartnership; that the said agreement was carried out and the copartners transferred by deed the mining property here involved to the corpo-

ration for the purpose of carrying out the said agreement; that said corporation is merely a nominal corporation and was organized by said copartnership merely for the purpose of carrying on its business, and is not an independent corporation. Upon issue joined the trial court found "that said so-called corporation has ever since its organization and incorporation been a mere name and agent of said copartnership; that it was not the owner of said mining property, and that said partnership is the owner and entitled to the possession and management of said property." The foregoing findings come fairly within the allegations of the complaint, and squarely contradict the theory of petitioner that this mining property was the property of the defendant corporation.

As indicated by the quotation from petitioner's brief, he rests his application for relief upon the theory that the corporation is the owner of the property; but he cannot be allowed the benefit of any such assumption, for the adjudication of the court is directly to the contrary, and that adjudication is authorized by the pleading. From some portions of the complaint it may appear inferentially that the corporation was the owner of the property in dispute, but the allegations heretofore quoted indicate a contrary view, and in this proceeding the complaint will be deemed sufficient if any material can be found therein which will furnish support for the findings and judgment bearing upon the question of the ownership.

The court finds this property to be the property of the partnership, and that said corporation was a *mere* name and agent of said partnership. If a state of facts could ever arise where a corporation was a corporation in name only, and where property standing in its name as grantee was in truth and in fact the property of another, then, for the purposes of this investigation, we assume such state of facts to be present in this case. The existence of such conditions is not impossible, and assuming them to exist, we have a copartnership the actual owner of a large amount of property, the title to which stands in the name of another, that person possessing no interest whatever in the property. A dissolution of the partnership and an accounting is asked for. Under such circumstances this property is assets of the copartnership, and the

court is authorized to appoint a receiver to take charge of the same.

For the foregoing reasons let the application for the writ be denied.

McFARLAND, J., PATERSON, J., and HARRISON, J., concurred.

DE HAVEN, J., and BEATTY, C. J., dissented.

Rehearing denied.

BEATTY, C. J., dissented from the order denying a rehearing.