[S. F. No. 121.   In Bank.—November 22, 1895.]

JACOB A. FISCHER ET AL., PETITIONERS, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO ET AL., RESPONDENTS.

CORPORATIONS — RECEIVER—NOTICE — BOND — JURISDICTION—CONTEMPT—
    PROHIBITION.—An order appointing a receiver of the property of a corporation, made without any notice, and without any bond from the plaintiff on the appointment of the receiver, is without jurisdiction, and the enforcement of the order by proceedings for contempt, for refusing to deliver property to the receiver, will be prevented by writ of prohibition.
        CX. CAL.—9

ID.—NECESSITY OF NOTICE UPON APPOINTMENT OF RECEIVER.—A receiver will not be appointed to take property out of the possession of a defendant without trial, without previous notice to the defendant, save in case of irreparable pending injury, and in no case where a temporary injunction would be sufficient.

ID.—PROPERTY IN POSSESSION OF ANOTHER RECEIVER—JURISDICTION.—A court has no power to appoint a receiver where a receiver has already been appointed by another court, with equal jurisdiction, and was in possession at the time of the appointment.

ID.—REQUIREMENT OF BOND—ABUSE OF DISCRETION.—The appointment of a receiver to take the property and business out of the hands of a person in possession, and claiming ownership thereof, without requiring a bond from the plaintiff, is, in most cases, a gross abuse of discretion.

ID.—UNAUTHORIZED RECEIVERSHIP OF CORPORATION — PROHIBITION.— In the absence of statutory authority, a receiver cannot be appointed during the pendency of an action to displace the management of the corporation by its directors; and there is no statutory authority under section 564 of the Code of Civil Procedure, or any other provision of the code, or any legislative enactment, to seize the property of the corporation out of the hands of the constituted management, and place it in the hands of a receiver during the pendency of an action; and prohibition is the proper remedy to prevent the attempted exercise of such receivership.

ID.—CORPORATION FORMED BY PARTNERSHIP—RULE AS TO RECEIVERSHIP UNCHANGED.—Where the complaint upon which the receiver was appointed shows the organization of a corporation, and a conveyance to it of all the mining property owned by the partnership, and the issuance of shares to the corporation through the several partners, and that the corporation has carried on the business of operating the mines, and has the legal title thereto and right to possession thereof, an averment that the corporation is a mere medium of the partnership, and not an independent corporation, and that the fraud was committed by one of the members of the partnership upon another in the distribution of the shares of the corporation, does not change the rule that the court has no power to take the control of the property and business of the corporation out of the corporate management and give it to a receiver; nor is any new power given the court by the averments of the complaint.

ID.—INJUNCTION AGAINST WITHDRAWING OF MONEYS OF CORPORATION— REMEDY—MOTION—APPEAL—PROHIBITION.—An injunction to restrain a corporation and its officers from withdrawing moneys deposited in certain banks in the name of the corporation, or in the name of a receiver appointed in another action, and from selling any of the mines of the corporation, or any interest therein, although granted without notice, does not have the effect to suspend the general and ordinary business of the corporation, and the remedy therefor is by motion in the superior court to dissolve the injunction, and an appeal from the order denying the motion; and its enforcement cannot be prevented by a writ of prohibition.

PETITION in the Supreme Court for a writ of prohibition to the Superior Court of the City and County of

San Francisco.    JAMES M. TROUTT and JAMES M. SEA-
WELL, Judges.

The facts are stated in the opinion of the court.

*Wheaton, Kalloch & Kierce,* for Petitioners.

As the order appointing the receiver was void, in so
far as it in terms authorized him to take the property
of the corporation from the possession of the corpora-
tion, all proceedings to punish Fischer and Wheaton for
contempt for refusing to deliver the property of the cor-
poration to the receiver were also void, and the superior
court is proceeding *coram non judice* in proceeding to
punish them for so doing. (*Harrison* v. *Hebbard,* 101
Cal. 152; *Ex parte Rowland,* 104 U. S. 617; *People* v.
*O'Neil,* 47 Cal. 109.)   Before they could have been held
for contempt they must have been ordered to deliver
the property to the receiver, and must have refused to
obey the order.   (Beach on Receivers, sec. 241.)   The
power of the receiver, Peckham, was coextensive only
with the power of the court which appointed him.
(High on Receivers, secs. 150, 162 *a; Parker* v. *Brown-
ing,* 8 Paige, 388; 35 Am. Dec. 717, quoted in High on
Receivers, sec. 150.)   The receiver cannot take property
forcibly from third parties.   (High on Receivers, secs.
145, 149, 150, 457.)   The court in San Francisco acted
without jurisdiction, and the facts of the case bring it
within the following decisions of this court: *Neall* v. *Hill,*
16 Cal. 145; 76 Am. Dec. 508; *French Bank case,* 53 Cal.
495; *Havemeyer* v. *Superior Court,* 84 Cal. 327; 18 Am.
St. Rep. 192; *Ex parte Hollis,* 59 Cal. 405; *Ex parte Casey,*
71 Cal. 269, 270.   When property was exempt from exe-
cution the receiver of a debtor had no right to take it.
(High on Receivers, secs. 441, 442.)   There could be
no interference with the possession of the receiver until
he had obtained possession of the property, and for
this reason the authorities that make any interference
with the possession of the receiver a contempt do not
apply in this case.   (Beach on Receivers, sec. 239.)

If the property was the property of the corporation, the writ which is prayed for should issue. (*Neall* v. *Hill*, supra; *French Bank* case, supra; *Bateman* v. *Superior Court*, 54 Cal. 285; *Smith* v. *Superior Court*, 97 Cal. 348; *Havemeyer* v. *Superior Court*, supra; *Havemeyer* v. *Superior Court*, 87 Cal. 267; *Savings Bank* v. *Superior Court*, 103 Cal. 32, 33; *Long* v. *Superior Court*, 102 Cal. 449; *State Inv. etc. Co.* v. *Superior Court*, 101 Cal. 135, 149, 150; *Harrison* v. *Hebbard*, supra; *Ex parte Hollis*, supra; *Ex parte Casey*, supra.) A receiver can be appointed to take the corporation property from the corporation only in the cases where it has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate existence. (Code Civ. Proc., sec. 565; *State Inv. etc. Co.* v. *Superior Court*, supra.) The courts do not act in these special proceedings because the facts are merely alleged, but because the facts have become established by default or admission. (*Loaiza* v. *Superior Court*, 85 Cal. 11; 20 Am. St. Rep. 197.) Want of jurisdiction appearing in the complaint, or probably anywhere in the record, is fatal. (*Watts* v. *White*, 13 Cal. 321; *Havemeyer* v. *Superior Court*, supra; *Gray* v. *Hawes*, 8 Cal. 562.) Jurisdictional facts must be alleged and proven. (*Lane* v. *Pferdner*, 56 Cal. 122; *Danielwitz* v. *Temple*, 55 Cal. 42.) The want of jurisdiction of the subject matter of the writ or proceeding cannot be waived, and an objection based thereon may be successfully raised at any time, and even for the first time, after an appeal has been taken to the supreme court. (Code Civ. Proc., sec. 434; *Mott* v. *Smith*, 16 Cal. 533, 555; *Halleck* v. *Jaudin*, 34 Cal. 167, 173; *In re Grove Street*, 61 Cal. 438.) The articles of incorporation do not, in terms or by implication, declare that the purpose for which the corporation was formed was to serve as the name or agent of a partnership. (Civ. Code, sec. 290; *Vandall* v. *South San Francisco etc. Co.*, 40 Cal. 83; *Coleman* v. *San Rafael etc. Co.*, 49 Cal. 517; Const., art. XII, sec. 9.)

*H. S. Foote*, and *Rodgers & Paterson*, for Respondents.

It is only where the court under no circumstances has jurisdiction to issue such an order as the one appointing a receiver that any one is authorized to defy its authority. (*In re Cohen*, 5 Cal. 495.) The court will not, in a proceeding to punish for contempt, review the questions which were passed upon when the receiver was appointed. It is sufficient for the purpose of such a proceeding that the receiver was appointed, and that there is an interference with his possession, or a defiance in any respect of the authority of the court. (Beach on Receivers, secs. 246, 247.) No one is allowed to interfere with the officer of the court, however erroneously or improvidently the order may be made. (High on Receivers, secs. 164, 165, 168; *United States* v. *Murphy*, 44 Fed. Rep. 39; *Ex parte Walker*, 25 Ala. 108; 2 High on Injunctions, 1416, 1417, 1430, 1459.) The judgment of the superior court in *Loftus* v. *Fischer* could not determine Behlow's interest in the partnership property. He had no pleading upon which such interest could be determined. The decree as to him is void on its face, but if this were not so, the judgment in that action could not be considered in the action brought by Behlow in the superior court of the city and county of San Francisco. (*Naftzger* v. *Gregg*, 99 Cal. 83; 37 Am. St. Rep. 23; *Story* v. *Story etc. Co.*, 100 Cal. 41; *Brown* v. *Campbell*, 100 Cal. 635-47; 38 Am. St. Rep. 314; *In re Blythe*, 99 Cal. 472; Code Civ. Proc., sec. 1049.) The suspension of the general and ordinary business of a corporation, which is referred to in section 531 of the Code of Civil Procedure, is an injunction which suspends the ordinary and general functions of a corporation. That section does not apply to this case. (*Emeric* v. *Alvarado*, 64 Cal. 625.) If an act of the corporation is unlawful its act can be restrained without notice to the corporation if the act when performed would be injurious to the applicant. (*Hobbs* v. *Amador etc. Canal Co.*, 66 Cal. 161; *Golden Gate etc. Co.* v. *Superior*

*Court,* 65 Cal. 187.) In the case at bar there can be no
doubt that upon the allegations of the bill the corpora-
tion is the mere agent of the partnership. (*Chater* v.
*San Francisco Sugar Co.,* 19 Cal. 241; *Shorb* v. *Beaudry,*
56 Cal. 450; *Cornell* v. *Corbin,* 64 Cal. 197; *Clute* v. *Love-
land,* 68 Cal. 258.)

McFARLAND, J.—This is an original petition here by
Jacob A. Fischer, M. A. Wheaton, and the Consolidated
Golden Gate and Sulphuret Mining and Development
Company, a corporation, for a writ of prohibition to the
superior court of the city and county of San Francisco,
and the Hon. James M. Troutt and Hon. James M. Sea-
well, judges of said court, and also to John F. Pink-
ham, a receiver appointed by said Troutt as judge of
said court in a certain action therein pending in which
Charles J. Behlow is plaintiff and the said Jacob
A. Fischer *et al.* defendants, commanding said court
and judges, and said Pinkham, to desist from taking
any further proceedings, etc., under the order appoint-
ing said Pinkham receiver, or under a certain injunc-
tion issued in said action, or under an order and citation
by which it is proposed to punish said petitioners,
Fischer and Wheaton, for contempt in refusing to de-
liver certain real property to said receiver. The pro-
ceeding in prohibition here was submitted upon a
demurrer to the petition, and also an answer filed by
said judges, and a separate answer by said receiver
Pinkham.

The complaint in the action in which Pinkham was
appointed receiver was filed April 19, 1895. The theory
and averments of this complaint are (briefly) that in
the year 1889 the plaintiff Behlow, together with the
defendants Fischer and F. C. Loftus and William C.
Long, constituted a copartnership, and that as copart-
ners they owned the mining claims and properties in-
volved in this proceeding and situated in Tuolumne
county; that on or about September 1st of said year,
1889, the said copartners, for the purpose of carrying on

the business of said copartnership *by said copartnership* under a corporate name, agreed to organize a corporation to be called " The Consolidated Golden Gate and Sulphuret Mining and Development Company"; that the said partners should convey and transfer to said corporation their mines and mining property; that the capital stock of said corporation should consist of sixty thousand shares; that forty-eight thousand shares should be divided between said copartners and issued to them individually in certain proportions agreed upon, and that the remaining shares should be afterward disposed of as they might determine; but that said corporation when organized should not be an independent corporation, and should be " but the name and mere medium of the copartnership in carrying on its business, and that the copartnership should be the real and beneficial owner of the property transferred into the name of said corporation." It is averred that such corporation, with the name before stated, was duly organized on or about the twentieth day of August, 1889, and that on September 4, 1889, the said copartners by deed conveyed, assigned, and transferred to said corporation " all the said mining claims, real property, water rights, water ditches, water privileges, stamp mill, hoisting works, furnace, amalgamating plant, engine, boilers, water wheel, tools, implements and other property," except a certain mining and placer claim described, " and all other property of whatever kind or nature situate on, or in the course of erection, or about said mining claims and real property," and also " the moneys of said corporation then on hand." It is then averred that plaintiff Behlow did not get all the shares of the stock of the corporation to which he was entitled; that Fischer wrongfully procured certain shares to be issued to Behlow for his (Fischer's) benefit; that he afterward, by false representations of the value of the mining property, induced Behlow to sell him twenty-two thousand shares of said stock, for less than their real value; that said Fischer, as president of said corporation and

general manager, together with the majority of the board of directors, whom he controls, and who have conspired with him, have misappropriated dividends and caused wrongful certificates of stock to be issued, and will so conduct the business that it will become valueless, etc., to the irreparable injury of plaintiff. There are many other averments which need not be here mentioned, some of which, however, will be noticed hereafter. The prayer is that Fischer be required to account for moneys and personal property "of the copartnership *or* corporation" unlawfully appropriated by him or his agents; that certain stock held by the defendant, Rozalia Fischer, be adjudged to be the property of the said copartnership; that the defendants be enjoined from doing certain things with respect to the said mining properties; and that a receiver be appointed to take possession and charge of all said mining properties, " and to *work, operate,* and develop said mines during the pendency of this action, and to take possession of and hold all the net profits thereof, subject to the further order of this court." The court, on April 20, 1895, in accordance with said prayer, appointed said Pinkham receiver, who went to Tuolumne county to take charge of said property, and demanded the same of said petitioner Fischer, who was in possession for said corporation under a decree and order of the superior court of Tuolumne county. The orders granting the injunction and appointing the receiver were made without any notice to petitioners, or any bond from plaintiff on the appointment of the receiver. Fischer, on the advice of Wheaton, who was counsel for Fischer and for said corporation, refused to deliver possession, whereupon a citation was issued to them both to show cause why they should not be punished for contempt.

In addition to the facts set out in said complaint, the petition for this writ contains averments of these other facts: In January, 1892, the said Behlow and others commenced a certain other action in the superior court

of Tuolumne county against the said Fischer, said corporation, and others. (For convenience we will call the action last above named the Tuolumne case, and the second action, in which Pinkham was appointed receiver, the San Francisco case.) The Tuolumne case was substantially the same as the San Francisco case. In the former case the court, after a trial, rendered a judgment in favor of the plaintiffs therein; but upon an appeal to this court the judgment was reversed. (See *Behlow* v. *Fischer*, 102 Cal. 208, where the facts are very fully stated in the opinion of Mr. Justice Harrison.) After the *remittitur* went down the pleadings were several times amended, and it was finally tried the second time upon the fourth amended complaint, in which Ed. C. Loftus and his wife Mariam were the sole plaintiffs, and the said Behlow was a defendant, and made answer. In that case one Lane had been appointed receiver, and continued to act as such, having possession and control of said property, until after the appointment of Pinkham in the San Francisco case. The said Tuolumne case was tried in the superior court of that county during the months of January and February, 1895; and on April 16, 1895, the said court made and entered its findings and decree, wherein it was found and adjudged, among other things, that said corporation never agreed to act, and never did act, as the agent of said copartnership, nor was any copartnership business carried on through said corporation; that it has been the owner of said mining properties since September, 1889, and since then was in full possession thereof, working it as a corporation exclusively in its own right, until possession was taken by said Lane as receiver; that the title of said corporation to said mining properties be quieted as against all of the defendants therein, including said Behlow; that all of said defendants be adjudged to have no right, title, or interest in or to said properties; and that said defendants, including said Behlow be, and they were, enjoined from claiming or asserting any right, title, or interest in or to said mining properties, or any part thereof, ad-

versely to said corporation. After entering this de-
cree, the court, on April 20, 1895, made an order that
the receiver, Lane, deliver possession of said property
to the said corporation and to Fischer as its agent and
manager, and such possession was given about 5 or 6
o'clock on April 23d. Immediately afterward, Pink-
ham, receiver in the San Francisco case, demanded
possession. These averments of the petition are sub-
stantially admitted by the respondents herein, except
that they assert that certain rulings of the court in the
Tuolumne case, with respect to the pleadings of said
Behlow in said case, and evidence offered, prevented
him from having his rights properly adjudicated therein.
He was a party to that action, however, and any wrong
rulings of the court touching his pleadings or evidence
were mere errors to be corrected upon appeal.

Petitioners contend that the said admitted averments
of their petition, together with the fact that no previous
notice had been given the corporation, show a want of
jurisdiction either to grant the injunction or appoint
the receiver.

The general rule, no doubt, is that so harsh a measure
as the appointment of a receiver to take property out of
one's possession without trial will not be indulged in by
a court without previous notice to the defendant. It
would be unjustifiable, except where it clearly appeared
that irreparable injury would be done during the few
days necessary for a hearing on notice; and even in
such an extreme case, a temporary injunction would
usually be sufficient. "A motion to appoint a receiver
will not be entertained unless notice has been given to
the defendant, if practicable, and the appointment will
not be made without notice, save in case of irreparable
pending injury." (Beach on Receivers, sec. 141, and
notes.) Indeed, there are authorities to the point that
a court has *no power* to appoint a receiver where one
had already been appointed by another court of equal
co-ordinate jurisdiction and was in possession. In Beach
on Receivers, section 15, it is said: "As between courts

of the same state, when a receiver has been appointed by one court, and has obtained possession of the property or fund over which he was appointed, he cannot be in any manner interfered with by a receiver subsequently appointed, or by any proceeding whatever in any other action brought in any court." (See, also, *Merrill* v. *Lake*, 16 Ohio, 405; 47 Am. Dec. 377; *Stearns* v. *Stearns*, 16 Mass. 167; *Pugh* v. *Brown*, 19 Ohio, 211.) In *Young* v. *Montgomery etc. Co.*, 2 Wood, 606, the court says: "If there are any adjudicated cases which would authorize this court to interfere with the possession of a receiver appointed by another court having jurisdiction, and who is in the actual possession of the property, they have never fallen under my observation. The authorities all sustain the opposite doctrine"—citing a number of cases. Respondents contend that the rule does not apply here because the second receiver did not attempt to take possession until after the first receiver had delivered possession to the corporation. However, as the first receiver was in possession when the order of the San Francisco court appointing Pinkham was made, it is doubtful if the validity of said order can be determined except upon the facts existing when it was made. But whether these matters—suggested by said averments in the petition—involve considerations of mere error and abuse of discretion, or raise issues of jurisdiction, is a question which we do not deem it necessary to be here decided; because, in our opinion, the averments of the complaint show a want of power to appoint the receiver. (We may remark, however, that the appointment of a receiver to take property and business out of the hands of persons in possession and claiming ownership thereof, without requiring a bond from the plaintiff in the action, would in most cases be a gross abuse of discretion.)

It is to be observed that the order complained of makes Pinkham receiver of the corporation. He is to take possession of the mining properties of the corporation, and to " develop, work, operate, and *run* said min-

ing claim and mill, and to employ such persons and laborers as may be necessary to continue the development and business of said mines and mining claims, and to pay out and disburse such moneys as may be necessary to work, operate, develop, and carry on the business of said mines," etc. This is to displace the corporate management, and to put into its place the receiver and the court; and it seems to be well settled that a court has no power to do this except in cases where it has been given by statute, and that prohibition is a proper remedy for its attempted exercise. (*Neall* v. *Hill*, 16 Cal. 145; 76 Am. Dec. 508; *French Bank case*, 53 Cal. 495; *Havemeyer* v. *Superior Court*, 84 Cal. 327; 18 Am. St. Rep. 192; *Savings Bank* v. *Superior Court*, 103 Cal. 34; *Harrison* v. *Hebbard*, 101 Cal. 152.) In *Neal* v. *Hill*, *supra*, where a receiver had been appointed to take possession of the property of a corporation, the court said: "It is well settled that a court of equity, as such, has no jurisdiction over corporate bodies for the purpose of restraining their operations or winding up their concerns. We do not find that any such power has ever been exercised in the absence of a statute conferring the jurisdiction." In the *French Bank case*, *supra*, the court say: "Irrespective of the effect of the fifth subdivision of section 564 of the Code of Civil Procedure, which will be presently considered, there is no jurisdiction vested in courts of equity to appoint a receiver of the property of a corporation in a suit prosecuted by a private person. This is only to say that there is no jurisdiction vested in these courts in such a case to dissolve a corporation; for the power of a receiver, when put in motion, of necessity supersedes the corporate power." (Holding directors accountable for abuse of their trust is, of course, a different thing.) The general authorities on the subject are to the same effect. Beach on Receivers, section 403, speaking of receivers of corporations, says: "It is, in the first place, to be remarked that the jurisdiction to appoint a receiver in these cases is wholly statutory." The question to be

determined, therefore, is whether or not there is any statutory provision under which power is given a court to appoint a receiver in a case like the one at bar during the pendency of the suit.

The question last stated was exhaustively considered in the *French Bank case, supra.*   In that case a receiver had been appointed by the trial court, in a suit brought by creditors of a corporation alleged to be insolvent; and, upon *certiorari,* it was held that the court had no jurisdiction to make the appointment.   In that case it was held that such jurisdiction was not conferred by any subdivision of section 564 of the Code of Civil Procedure, or by any other provision of said code, or any legislative enactment.   There it was sought to maintain the appointment upon the ground, among others, that the corporation was insolvent.   In the case at bar the respondents do not base their right upon the insolvency of the corporation; but if they did, the court declared in the *French Bank case, supra,* that "there is no statute of this state, none to which we have been pointed, which undertakes to confer upon a private person, either as stockholder or creditor, the right to maintain an action to dissolve a corporation upon the ground that it is insolvent, or to obtain relief *by seizing its property out of the hands of the constituted management, and placing it in the hands of a receiver."*   And this being so, what other provision of the codes or of the statutes is there, which confers the power to appoint a receiver under the facts presented in the case at bar?   We cannot see any, and have not been referred to any, which confers such power.   How is plaintiff's position any better than that of a creditor or stockholder?   Indeed, plaintiff bases his right very largely upon the fact that he is a stockholder of the said corporation.

It is difficult to understand upon what ground the right to a receivership is based in the case at bar, or what that position is which, it is contended, lifts the plaintiff in the case above the principles hereinbefore stated, and enables him, through the agency of a re-

ceiver, to take from a corporation the management of its affairs, during the pendency of an action. Respondents seem to contend that the whole doctrine is swept aside by the mere *averment* that the said Consolidated Golden Gate and Sulphuret Mining and Development Company is a mere medium of a partnership and *not* an independent corporation. But the complaint in the San Francisco case admits and declares that said company was duly organized as a corporation in 1889; that in said year all the mining properties involved were conveyed to said corporation, and that it has ever since been the owner in fee of said properties; that its capital stock was issued to the members of the partnership, except the shares reserved; that said capital stock is of great value—nineteen thousand two hundred shares thereof being alleged to be worth "not less than one hundred thousand dollars ($100,000)"; that ever since its organization in 1889 said corporation has carried on the business of operating said mining properties, except when said receiver Lane—appointed in the Tuolumne case—was in possession thereof; and that said corporation "asserts and claims that it is the owner and entitled to the possession of said mines, mining claims, moneys, and other property, and that it is an independent corporation, and that said partnership and the members thereof have no right, title, or interest, beneficial or otherwise, in or to said mines, mining claims, moneys, or other property." Here then, upon the face of the complaint, we have the case of a corporation, *de jure* and *de facto*, having the legal title to certain mining properties, carrying on the business of operating the same as mines, and asserting full ownership and right of possession thereof; and this is the very case in which, under the authorities, a court has no power, during the pendency of a suit by a private person, to take the control of the property and business of the corporation out of the corporate management and give it to a receiver. And these facts being admitted and declared, the rule is not changed, nor is any new power given the court, by

the other averments of the complaint.   Otherwise, the rule would be worthless; and any corporation in the state, acknowledged to be in the legal ownership and possession of certain property and business, could be dispossessed of that property and business through the appointment of a receiver whenever a party saw fit to make some averment similar to those contained in the complaint in *Behlow* v. *Fischer, supra.*   The position of the plaintiff in that case is no better than that of a creditor or stockholder—neither of whom could rightfully procure the appointment of a receiver during the pendency of an action against a corporation.

The authority relied upon by respondents is the case of *Fischer* v. *Superior Court,* 98 Cal. 67.   That was a petition for a writ of prohibition, commanding the superior court of Tuolumne county to desist from acting under an order appointing said Lane receiver in the action hereinbefore designated as the Tuolumne case, and the writ was denied.   But that decision was made upon the basis that there had been a trial and adjudication of the rights of the parties, and that the appointment of Lane was part of the final judgment and decree. He had been appointed before judgment; but judgment had been rendered in favor of plaintiffs (erroneously as it afterward appeared) and by the judgment he had been reappointed.   This court, in its opinion in *Fischer* v. *Superior Court, supra,* say: " The application for the writ, and the order to show cause, was made prior to the rendition of the aforesaid judgment, but *that judgment includes the authority* under which the receiver is now acting, and for that reason we shall address ourselves to the legal sufficiency of *that authority.*"   The additional words, " although the jurisdictional question presented is *probably* the same under either order," in no way change the *decision* or make it authority upon the question of the power to appoint a receiver before judgment. The court further says: " It will not be necessary to enter into a discussion of the principles and authorities relied upon to sustain the proposition that a court of

equity cannot appoint a receiver to take possession of the property of a corporation *pending litigation,* for petitioner's case fails before it reaches that position." Now, the power of a court to appoint a receiver under subdivision 3 of section 564 of the Code of Civil Procedure, "after judgment, to carry the judgment into effect," is a very different thing from the power sought to be exercised in the case at bar. Whether that subdivision applies to a judgment obtained against a corporation in a suit brought by a private person is not a question arising here; but *Fischer* v. *Superior Court, supra,* is not authority to the point that in such a suit a receiver can be appointed pending the action. The judgment upon which that decision was based was afterward reversed, and a subsequent judgment rendered in the Tuolumne case adjudging that said company was an independent corporation owning said mining properties, and operating them for itself and on its own account.

Our conclusion is that there was no jurisdiction in the court to make the order appointing the said Pinkham receiver in the said case of *Behlow* v. *Fischer, supra,* and that, under the views above expressed, a writ should issue commanding the respondents herein to desist from taking any further proceedings under said order, or under the order citing petitioners to answer for contempt. This makes it unnecessary to consider other points made by petitioners—as, for instance, that petitioners violated no order or process of the court, because there was no order or process commanding them to deliver property to the receiver, and that they did not interfere with the possession of the receiver because he had no possession.

The injunction complained of restrains the petitioners, and all of the defendants in the San Francisco case, from withdrawing certain moneys then deposited in certain banks or elsewhere, in the name of said corporation, or in the name of said Lane, and from selling any of the mines of the corporation, or any interest therein. Although this injunction was granted with-

out notice, we cannot say that its effect is "to suspend the general and ordinary business of a corporation," and that, therefore, it is invalid under section 531 of the Code of Civil Procedure. The remedy would be a motion in the superior court to dissolve the injunction, and an appeal from an order denying said motion. As to said injunction, the prayer of the petition is denied.

It is ordered that a peremptory writ of prohibition issue, commanding the respondents to desist from taking any proceedings under the order appointing John F. Pinkham receiver, and under the order citing petitioners for contempt, as prayed for in the petition.

Van Fleet, J., Temple, J., Henshaw, J., and Harrison, J., concurred.

Beatty, C. J., concurred in the judgment.