[Sac. No. 123 and No. 185.   Department Two.—May 25, 1897.]

MARIAM V. LOFTUS ET AL., APPELLANTS, *v.* JACOB A. FISCHER ET AL., RESPONDENTS. (No. 123.) MARIAM V. LOFTUS ET AL., RESPONDENTS, *v.* JACOB A. FISCHER ET AL., RESPONDENTS. CHARLES J. BEHLOW, APPELLANT. (No. 185.)

MINING PARTNERSHIP—CORPORATION—ACCOUNTING—FRAUD—PLEADING— ANSWER AND CROSS-COMPLAINT AGAINST CODEFENDANT — HARMLESS RULINGS—FINDING AGAINST PARTNERSHIP.—In an action for an ac_ counting and settlement of a mining partnership, the members of which had formed a corporation, where the complaint alleged that the corporation was a mere medium for carrying on the partnership business, and set forth acts and threatened acts of one of the defendants imperiling the interests of the partnership, and of the partnership business, in fraud of the rights of the plaintiffs, and another of the defendants filed an answer and cross-complaint in which he charged specific acts of fraud upon his rights committed by the defendant charged with fraud in the complaint, and the court found that there was no partnership, and that at the formation of the corporation the mining partnership was terminated, and was then fully settled and adjusted, orders striking out the averments of fraud in the answer of such other defendant, and sustaining a demurrer to his cross-complaint, are harmless, and, even if erroneous, are not ground for reversal.

ID.—RECEIVER OF PARTNERSHIP—ORDER TO DELIVER PROPERTY TO COR-
PORATION—APPEAL.—Where the court appointed a receiver of the
property held by the corporation, upon the allegation that the corpora-
tion was a mere agent or medium for carrying on the partnership busi-
ness, and, upon the trial, found that the corporation was not the agent
of the partnership, and never carried on the partnership business in any
manner, an order directing the receiver to deliver the property to the
corporation is proper, and should be affirmed upon appeal.

APPEAL—COSTS OF CLERK'S CERTIFICATION—AFFIRMANCE OF JUDGMENT.—
The costs of appellant in procuring the clerk's certification to the tran-
script, upon failure of the respondent to join in a stipulation to its cor-
rectness, cannot be taken against the respondent, where the judgment
appealed from is affirmed.

APPEALS from a judgment of the Superior Court of
Tuolumne County and from an order directing a re-
ceiver to turn over property to the defendant corpora-
tion. G. W. NICOL, Judge.

The facts are stated in the opinion of the court, and
in the cases referred to therein, as decided between the
same parties, upon former appeals.

*James L. Crittenden*, and *F. W. Street*, for Mariam V.
Loftus, and Edward C. Loftus, Plaintiffs, Appellants
and Respondents.

*Henry S. Foote, Frank P. Otis,* and *Rodgers & Pater-
son,* for Charles J. Behlow, Defendant, Appellant and
Respondent.

*Van R. Paterson,* and *James L. Crittenden,* for James
L. Crittenden, and F. B. Oliver, Defendants and Re-
spondents.

*Reddy, Campbell & Metson,* and *Estee & Miller,* for
William G. Long, Defendant and Respondent.

*John F. Rooney,* for John Loftus, Defendant and Re-
spondent.

*Scrivner & Schell, Wheaton, Kalloch & Kierce,* and *J. B.
Curtin,* for Jacob A. Fischer, and other Defendants and
Respondents.

HENSHAW, J.—These are separate appeals from the judgment, taken within sixty days after its rendition, the evidence being brought up for review by a bill of exceptions. In the case numbered Sacramento 123 the plaintiffs are appellants; in the case numbered Sacramento 185 defendant Behlow is appellant. As the points presented upon both appeals are identical, they may be considered in one opinion.

There are also appeals from an order of the court made after final judgment directing the receiver to turn over the property to the defendant corporation, the Consolidated Golden Gate and Sulphuret Mining and Development Company.

This litigation has repeatedly been before the court in one or another of the different phases which it has assumed. An extended review of the facts is therefore unnecessary. It will suffice to refer for them to the cases of *Behlow* v. *Fischer*, 102 Cal. 208; *Fischer* v. *Superior Court*, 98 Cal. 67; *Loftus* v. *Fischer*, 106 Cal. 616; 114 Cal. 131; *Fischer* v. *Superior Court*, 110 Cal. 129.

The amended complaint, upon which the present appeal comes before this court, pleads the formation and existence of a mining partnership, of which plaintiffs were members; pleads the formation of the defendant corporation, that it was organized to be but the name and mere medium of the partnership in carrying on its business, and that the copartnership should be the real and beneficial owner of the property to be transferred through the name of the corporation; pleads the conveyance to the corporation of the partnership property; pleads the issuance by the corporation to the partners of shares of its stock, which were only to represent the interests of the partners respectively in the partnership; pleads the continuance of the partnership in this form; avers an interest in the partnership upon the part of certain defendants, and in particular upon the part of defendants Long and Behlow; sets forth certain acts and threatened acts of defendant Fischer imperiling the interests of the partners and of the partnership business, in fraud

of their rights; and asks that an accounting be had, the respective interests of the partners determined, and the affairs of the partnership closed.    There is also an allegation that Fischer purchased from the copartnership 19,200 shares, and caused said 19,200 shares to be issued in the name of Charles Behlow, and that these shares were thereafter transferred by him to Fischer.

Defendant Behlow answered, making no denial of any of the matters set forth in the complaint, saving that he denied that the 19,200 shares issued to him had been transferred by him to Fischer, " except by reason of a fraud practiced and perpetrated upon him by said Fischer," and then proceeded at great length to set forth the facts and circumstances of the alleged fraud. These allegations in brief charge Fischer with obtaining by fraud 22,000 shares of the stock, the rightful property of Behlow, and an additional 5,000 shares of stock from Long, to whose interest it is averred Behlow had succeeded.    The prayer is that the court decree that Behlow is and always has been the owner of an interest in the partnership to the extent of 5,000 shares, and that the court decree that the 22,000 shares were obtained by Fischer from him through fraud and fraudulent representations, that Behlow be declared to be the rightful owner thereof, and of the interest in the copartnership represented thereby, that Fischer be required to assign and deliver the same to him, and to account to him for all moneys received as dividends thereon, and that Behlow's total interest in said copartnership be decreed to be represented by 31,800 shares of the capital stock.    The prayer joins that of the complaint in asking for an accounting, a dissolution, and the appointment of a receiver.

At the time of the filing of this answer defendant Behlow also filed a cross-complaint, in which all the history of the copartnership, and the transfer of its property and business to the corporation as its agent for the conduct and management thereof, are set forth; the same specific averments of fraud are made against

Fischer and the same relief is prayed for. This cross-complaint is substantially the same as was Behlow's complaint in intervention. (*Loftus* v. *Fischer, supra.*)

Motion was made by defendant Fischer to strike out defendant Behlow's answer, and a general demurrer was also interposed to the cross-complaint. The court struck from the answer all the affirmative matter therein contained touching the alleged fraudulent practices of Fischer. It likewise sustained the demurrer to the cross-complaint and refused to cross-complainant leave to amend.

In this state of the pleadings trial was had. The court found as follows:

"The said corporation never contracted or agreed that it would act as the agent of any partnership whatever, and never did act as an agent for any partnership whatever.

"The said corporation never contracted or agreed that the said partnership nor any partnership could carry on any partnership business whatever, either in the name of said corporation or by means of the said corporation, in any manner or way whatever, and no partnership business was ever carried on under or in the name of said corporation in any manner or form whatever.

"The court further finds that when the said E. C. Loftus, Charles J. Behlow, Jacob A. Fischer and William G. Long conveyed to the said corporation by the deed of September 4, 1889, the property described therein and the said corporation had paid the consideration and performed the conditions which it was agreed should be performed, as stated in the offer made to said corporation by the said parties of the third day of September, 1889, all of the partnership debts and liabilities of the said parties became entirely settled and all of the partnership property was entirely disposed of, and from that time to the present there has been no unsettled matters of the partnership which existed between the said parties."

These findings are amply sustained by the evidence. The judgment and decree in accordance with them, and with the other findings made, denied plaintiffs and defendant Behlow the relief sought.

Appellants complain of the rulings of the court striking out portions of the answer and sustaining, without leave to amend, the demurrer to the cross-complaint. It is contended that the action being one for a partnership accounting, it was necessary for the court to determine the interests respectively of the partners, and that to do this it was incumbent upon the court, and, indeed, necessary for it, to entertain the cross-complaint, and to hear and pass upon the charges of fraud contained in the answer by which it is asserted that Behlow was nominally, but not in equity, deprived of his partnership interest indicated by the shares of stock.

But, under the circumstances of this case, this question does not call for determination. Though Behlow's claims against Fischer were eliminated, and though it may be conceded that in the absence of the eliminated pleadings, it was impossible for the court to have determined, as between Behlow and Fischer, what their respective interests in the partnership might have been, the controversy first to be determined by the court was whether or not a partnership existed. Upon this proposition Behlow was upon the side of the plaintiffs, and he was not deprived by the court of his right to make any proper showing. Had Behlow's pleadings remained in the case, the court, in directing the order of proof, would have first required substantial evidence of the existence of the partnership as pleaded, before it passed on to the determination of the respective partners' interests. Upon this question all the parties were before the court, and all were given a hearing, and after this hearing, the court determined, as the findings disclose, that the partnership pleaded did not in fact exist, and had in fact terminated by the conduct of the partners, under the terms of their agreement with, and conveyance to, the corporation. Therefore, if it be conceded that the rulings of

the court were erroneous (and this is not decided), it was error which, under the determination of the court upon the question of partnership, could not and did not injure the defendant Behlow nor the plaintiffs.

The judgment appealed from is therefore affirmed, and with it the order of court made after judgment directing the receiver to turn over the property to the defendant corporation.

For the reasons given in *Loftus* v. *Fischer, supra,* the motion to tax appellants' costs upon these appeals against respondents is denied.

TEMPLE, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.