(38 App. Div. 123.)

## NATIONAL UNION BANK OF READING v. RIGER et al.

(Supreme Court, Appellate Division, First Department.     March 10, 1899.)

**1. FRAUDULENT CONVEYANCES—ACTION BY CREDITOR—RECEIVERS.**

In an action by a judgment creditor to have an alleged fraudulent conveyance set aside, and the property made subject to his execution, a receiver cannot be appointed pendente lite, since the debtor would be entitled to the rents and profits until the time of redemption from the execution sale had expired.

**2. CREDITORS' BILL—RECEIVER—PLEADING.**

In a [...] ure of a creditors' bill seeking to have an [...] set aside, in which no claim to the rents [...] legation made in regard thereto, a receiver [...] ode Civ. Proc. § 1877, providing that the [...] action, "may, by an order, or by an inter-[...] the action, appoint a receiver of any or all [...] property of the judgment debtor."

*[overlapping annotation: Same v. Same—Motion is denied (Nat. Union Bank of Reading v. Riger et al., 38 App. Div., 123, 56 N. Y. Supp., 545; Rappaport v. Otten, 120 N. Y. Supp., 461). Bagi v. J. & K. Cohen Furni-]*

**3. SAME.**

In an action by a single judgment creditor to set aside an alleged fraudulent conveyance, and subject the property to the payment of his judgment, where it appears that there is a sufficient equity in the property to satisfy plaintiff's judgment, a receiver cannot be appointed pendente lite, under Code Civ. Proc. § 713, subd. 1, providing for a receiver, when necessary to afford adequate relief.

**4. SAME.**

In an action by a single judgment creditor to set aside an alleged fraudulent conveyance, and subject the property to his judgment, where it is conceded that the equity in the property is sufficient to pay the judgment, allegations that plaintiff "thinks" that in a short time a mortgage on the property will be foreclosed, and the property sold at a sacrifice, are mere conclusions, insufficient to support the appointment of a receiver.

**5. SAME.**

Allegations that there is insufficient security to cover plaintiff's claims, "and others likely to come against it," are also insufficient, since plaintiff does not represent any claims but his own.

Appeal from special term, New York county.

Action by the National Union Bank of Reading against Jacob Riger and another to set aside an alleged fraudulent conveyance. From an order appointing a receiver pendente lite, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Rudolf F. Rabe, for appellants.

Henry G. Atwater, for respondent.

BARRETT, J. The plaintiff sues as a judgment creditor of the defendant Jacob Riger. In its complaint it alleges the recovery of a judgment for $872.57 against Jacob Riger; the return of an execution thereon unsatisfied; and a conveyance of real estate by Jacob Riger to his wife, the defendant Ellen Riger, without adequate consideration, and with intent to hinder, delay, and defraud his creditors. This complaint was not verified, and the application for a receiver was made before answer. The application was founded upon affidavits tending to show the fraud alleged in the complaint; and it was opposed by Mrs. Riger, she making an affidavit, in which she asserts that the conveyance to her was bona fide. The plaintiff does not sue for itself and other creditors similarly situated. It sues solely on its own behalf, and its prayer for relief is that the conveyance to Ellen Riger be declared fraudulent and void as against it, and that the premises be sold to pay its judgment. It is not clear that the purpose of the action is to remove a fraudulent obstruction to the plaintiff's execution. As the plaintiff avers the return of an execution unsatisfied, and as it prays for a sale of the premises under the decree of the court, it apparently proceeds against its debtor's property generally. If that is its purpose, it can accomplish the result sought only through a conveyance to a receiver, coerced from the debtor and his grantee by the decree which it hopes to obtain. It is true that, if the trial court ultimately finds the conveyance from Jacob to Ellen to be fraudulent as against the plaintiff, it may, notwithstanding the form of the action, simply remove the obstruction, and permit the plaintiff to issue a new execution, and sell thereunder the debtor's right, title, and interest in the property. It may, however, deem the relief sought by the present complaint to be more appropriate, in which case it can appoint a receiver, and require the defendants to execute a proper conveyance to vest the title in that officer, to the end that the property be sold, and the plaintiff's judgment paid out of the proceeds. In neither of these aspects was the right to a receiver pendente lite made out. If the obstruction be simply removed, the execution will reach Jacob's right, title, and interest in the property at the time when the plaintiff's judgment attached as a lien. But the title cannot vest absolutely in the purchaser at the sheriff's sale for 15 months thereafter. In the meantime the statutory right of redemption will exist, and the debtor will be entitled to possession, and to receive the rents and profits of the land. Wood v. Rabe, 96 N. Y. 424. The right to these rents and profits during the 15 months is undoubtedly an interest which can be reached by creditors' bill. Farnham v. Campbell, 10 Paige, 598. But such a bill proceeds upon the ordinary right of a judgment creditor, after exhausting his remedy at law, to obtain satisfaction of his debt in equity out of any beneficial interest of his debtor in real property, as well as in his personal estate, which cannot be reached by an execution at law. Cases above cited. The judgment creditor, however, acquires no specific lien upon the rents and profits of the land of his

debtor except by the filing of a creditors' bill founded on the return of an execution unsatisfied.  Strong v. Skinner, 4 Barb. 558.  The respondent, in the brief submitted, notices this aspect of the case, and attempts to answer it in this wise:

"It may be said that, if this conveyance had not been made, the plaintiff could have only sold the interest of Jacob Riger under execution, and that the sheriff's deed would not have been delivered until fifteen months.  This is true, but the courts have held that the judgment debtor's right to remain in possession for fifteen months after a sale under an execution is an equity of which a receiver can be appointed, and which can be used to pay a judgment in a proper case."

The difficulty with this position is that the present action is not a creditors' bill to reach these rents and profits.  It proceeds upon an entirely different theory, and seeks to effect quite an independent purpose, namely, the satisfaction of plaintiff's judgment by the sale of the premises following an annulment of the conveyance.  There is not an allegation in the complaint with regard to the rents and profits or the debtor's interest therein; and if the action be treated as one to remove a fraudulent obstruction to the plaintiff's process, such allegations would have been inappropriate.  If, however, it be treated in the other aspect to which we have referred, still we have the same difficulty with regard to the absence of any allegation upon the subject.  It is true that, where the judgment creditor asks, not the mere removal of the fraudulent obstruction to his process, but the exercise of the power of the court upon the persons of the defendants to compel them to assign their estate to a receiver, he abandons the lien of his judgment, and seeks satisfaction of his debt out of the debtor's property generally.  Bank v. Risley, 19 N. Y. 374.  But even then, if the plaintiff seeks, in addition to the debtor's equity in the premises, to reach the rents and profits accruing prior to the vesting of title in the receiver, and to have such rents and profits, as well as the debtor's equity, applied to the payment of its judgment, it should at least make proper averments upon the subject of such rents and profits, and demand appropriate relief with regard thereto.  Under section 1877 of the Code of Civil Procedure, the court, in a judgment creditors' action, "may, by an order, or by the interlocutory or final judgment in the action, appoint a receiver of any or all of the property of the judgment debtor."  This refers to the property which the plaintiff, in his complaint, seeks to reach, or as to which a discovery is sought.  It may be all the property of the judgment debtor, or it may be some specific piece of property.  That depends upon the averments.  The subject of the present action is not the general property of the judgment debtor, but his right, title, and interest in the particular property covered by the conveyance alleged to be fraudulent.  It is that, and that alone, which the complaint seeks to reach.  In the absence of any claim to the rents and profits, or of any allegation with regard thereto, a receiver thereof should not have been appointed solely under the section in question.

Nor do we think that a case was made for a receiver "before final judgment," under subdivision 1 of section 713 of the same Code.  There was no attempt to bring the case within the letter of the sec-

tion by showing any act of the defendants tending to materially injure or destroy the property. But even in the broadest application of the section, it was not shown that a receiver was necessary to afford the plaintiff adequate relief. Upon its own papers, there is a sufficient equity in the property to satisfy the single judgment upon which alone this action is founded; and it is therefore adequately protected by the lis pendens which it has filed. It is a familiar rule that the court will not devest the owner of immovable and practically indestructible property of its possession before a final hearing, save in a clear case of fraud, where the plaintiff may sustain irreparable injury before final judgment can be had. The general rule is well stated by Mr. High in his work on Receivers (3d Ed., § 416):

"This extraordinary power," says the learned author, "is exercised with a considerable degree of caution when the contest is as to the title to real estate which is in possession of and claimed by third parties. Indeed, courts of equity are always averse to any interference with the legal title in limine; and when a creditor's judgment is not of itself a lien upon lands which have been conveyed by the debtor to third parties, and the only equity of the judgment creditor is a right to resort to the lands by setting aside the conveyance from the debtor, the party in possession under what purports to be the legal title will not be deprived of his possession by the appointment of a receiver, unless upon a strong case of danger to the property, and inability to respond to a decree because of insolvency."

In the case at bar, insolvency is not decisive of the application, because of the extent of the equity in the property. As to this equity, the plaintiff's case is weak upon the facts, and its conclusions are founded upon mere possibilities and suppositions. The properties conveyed are conceded to be worth $43,000. The mortgages thereon amount to but $30,000, while the plaintiff's judgments do not exceed $6,000. These are the material facts upon the question whether a receiver is necessary to give the plaintiff adequate relief. All else is mere matter of speculation. Thus the plaintiff "thinks" that in a short time the mortgages will be foreclosed, and, if so, that the property "may not bring" within 20 or 25 per cent. of its real value; and that there is not sufficient security in the premises to cover its claims and judgments "and others likely to come against it." As to the latter, it is sufficient to say that the plaintiff does not represent any other claims save its own. As to the former, the case is without substance. The plaintiff's suppositions rest entirely upon doubt or apprehension.

The order should be reversed, with $10 costs and disbursements, and the motion for a receiver pendente lite denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.