CONGELTON v. BEECHER.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

RECEIVERS—PENDENTE LITE—APPOINTMENT.

Where defendant had obtained possession of notes and stock as collateral security for them, given by plaintiff, under a contract between them, it was error to appoint a receiver of the notes and stock pendente lite, in an action by plaintiff to have the notes declared void and the stock

returned, on the ground that he was induced to make the contract by a false statement of defendant, which defendant denied.

Appeal from special term, New York county.

Action by Osborn Congelton against Lina Beecher to have notes declared void and collateral security therefor surrendered. From an order appointing a receiver pendente lite, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Joseph G. Doane, for appellant.
Charles H. Daniels, for respondent.

PER CURIAM. The order appointing a receiver pendente lite of the promissory notes and stock, the subject of this action, must be reversed. There was no sufficient reason shown for taking this property from the possession of the defendant. He was entitled to the notes, and the stock pledged as collateral thereto, under the terms of an agreement which, upon the plaintiff's own showing, was deliberately entered into by him with the defendant. The allegation of the complaint is that that agreement was entered into by reason of a false statement made by the defendant which induced the plaintiff to give the notes and the stock, and that alleged false statement was to the effect that an anterior agreement relating to the same subject, but upon different terms, had not been signed by the defendant; whereas, the plaintiff alleges, upon information and belief, that it had been signed, and thus there was a subsisting agreement by which the rights and relations of the parties were regulated, and that the new agreement under which the notes and stock were given, being thus induced by fraud, was ineffective, and the plaintiff was entitled to the surrender of his promissory notes and the stock collateral thereto. The defendant positively denies and negatives the charge of fraud. Upon that simple issue, with a bare affirmation on one side and a negation on the other, the court at special term has taken property, to which the defendant is entitled under an agreement, from his possession, and turned it over to a receiver. It is scarcely necessary to say more than that, under such circumstances, the order should be reversed, with costs, and the motion for the appointment of a receiver denied, with costs, but without prejudice to the right of the plaintiff to move, on a proper case made, for an injunction to restrain the defendant from parting with the notes or stock.

Order reversed, with $10 costs and disbursements, and motion for appointment of receiver denied, with $10 costs.