### RAPPAPORT v. OTTEN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. RECEIVERS (§ 16*)—GROUNDS FOR APPOINTMENT—PRESERVATION AND PROTECTION OF PROPERTY.

Where it is not shown that property in litigation is in danger of being removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed, as required by Code Civ. Proc. § 713, as a ground for appointing a receiver, an order therefor is improper.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 24, 28; Dec Dig. § 16.*]

2. RECEIVERS (§ 16*)—BURDEN OF PROOF—POSSESSION OF PROPERTY PENDENTE LITE.

Plaintiff's claim of fraud as to a formal agreement, signed by her, not being conceded by defendant in possession of property pursuant thereto, as plaintiff intended, even though the agreement is void or voidable, the burden is on plaintiff to establish her right to have it canceled, and, till she does, defendant is entitled to possession, and it is improper to appoint a receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 24, 28; Dec. Dig. § 16.*]

3. RECEIVERS (§ 38*)—APPOINTMENT—BURDEN OF SHOWING NECESSITY.

The burden is on plaintiff to show the necessity for a receivership to protect her as to property in defendant's possession, the subject of the action.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 62; Dec. Dig. § 38.*]

Appeal from Special Term, New York County.

Action by Rosa Rappaport against Peter Otten, impleaded with Julius Weil and others. From an order appointing a receiver of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rents, issues, and profits of premises described in the complaint, defendant Otten appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Albert A. Novell, for appellant.

Jacob E. Salomon, for respondent.

LAUGHLIN, J. This action is brought to annul an agreement made between the plaintiff and the appellant on the 19th day of May, 1908, with respect to three parcels of land described in the complaint, on the ground of fraud, and to have it canceled, and to have a mortgage covering two of the parcels, bearing date the 16th day of October, 1907, declared void and canceled of record.

It appears that, at the time the agreement was made, the plaintiff was the owner in fee of three parcels of land, known as No. 173 Allen street, No. 18 Monroe street, and No. 21 Hamilton street, in the borough of Manhattan, New York, on which there was outstanding a number of mortgages. The appellant held and owned a mortgage on the three parcels for $5,000, the principal of which became due and payable on the 16th day of April, 1908. It was a third mortgage on the parcel on Allen street being subordinate to a first mortgage for $18,000 and a second mortgage on which there remained unpaid the sum of $3,000; and it was subject to six lis pendens filed against the other two parcels by the tenement house department for alleged violations of the tenement house law, and to unpaid water rates against said two parcels for the years 1907 and 1908, and was a fourth mortgage thereon being subordinated to a first mortgage for $15,000, a second for $5,000, and a third mortgage on which there remained unpaid the sum of $5,880, all of which were past due. The agreement recites that the second mortgage of $5,000 on the premises on Monroe and Hamilton streets was then being foreclosed, and that the plaintiff had requested the appellant to take up and advance the money due and take an assignment of the bond and mortgage; and that plaintiff had agreed with the appellant, in consideration of his taking an assignment of said mortgage and allowing his own mortgage to remain unpaid, that she would transfer and convey all three parcels to him and assign to him any and all rents that became due on or after May 1, 1908. The agreement then provides as follows:

"Said property above mentioned to be held in trust by the party of the first part until the payment to him or his assigns of the said second mortgage of five thousand dollars and accrued interest from May 19, 1908, at the rate of six per cent. per annum on the premises 18 Monroe street and 21 Hamilton street, and until he received the full payment of the principal sum of the fourth mortgage on premises 18 Monroe and 21 Hamilton street and accrued interest at 6 per cent. per annum from April 16, 1908, and the full payment of the principal sum of the third mortgage on premises 173 Allen street, to wit, which together amount to the sum of five thousand dollars and interest at six per cent. per annum from October 16, 1907."

And that the parties had agreed that the rents collected by appellant should be applied toward the payment of the unpaid taxes, unpaid water rates, interest and installments on mortgages, judgments which

appeared against the plaintiff, "compliance of violations against said premises, mechanics' liens, foreclosure expenses, and all other expenses that may be incurred by the party of the first part and any other liens that may affect the premises," and that "any balance remaining in the hands" of the appellant should first be applied by him toward the payment of the principal sum due to him. It is then recited that, for the consideration therein expressed, the substance of which has been stated, the plaintiff had that day conveyed the premises to the appellant, and that he was to hold the premises in trust until he received from the plaintiff or her heirs or assigns payment in full of the second mortgage of which he had that day taken an assignment and of his other mortgage, and that the rents should be applied as already stated. It was further provided in the agreement that the appellant should have the right at any time to sell and dispose of the premises on Allen street at the best price obtainable, not less than $27,500, and that the proceeds should be retained and applied toward the payment of the second mortgage of which he had taken an assignment, and then toward the payment of his own mortgage and toward the payment of expenses incurred by him to which reference was therein made; and it contained a provision as follows:

"It is further understood and agreed between the parties hereto that this agreement shall be in force for only one year from the date hereof, and that the moneys received by the party of the first part, less any and all expenses that may have been paid out by the party of the first part as herein provided for shall be sufficient to pay the party of the first part the amount of the principal sums and accrued interest due him or should party of second part fail to pay said money to party of first part that then and in that event the deeds herein mentioned, made and executed by the party of the second part to the party of the first part shall become absolute, and the party of the second part hereby releases the party of the first part from any and all claims against either of said properties or against the party of the first part, his heirs or assigns."

Manifestly some words were omitted from this clause, for it was plainly intended that the deed should become absolute if the rents should be insufficient to pay the appellant and plaintiff did not make up the difference; but no question arises on this appeal with respect to that. The plaintiff claims that the contents of the agreement with respect to some of the terms thereof were misrepresented to her, and that her signature thereto was procured by fraud; and she further charges that the appellant has proceeded in violation of the trust, in that he assigned the second mortgage of which he had taken an assignment pursuant to the agreement, to his daughter, the defendant Louisa K. Vosbrinck, on the 28th of February, 1909, with a view to having it foreclosed, and that she commenced an action to foreclose it on the 4th day of June, 1909. The plaintiff does not allege that she did not understand that she was conveying the premises to the appellant; but she claims that it was represented to her, among other things, that the appellant would purchase and carry the outstanding mortgages, except the first mortgage on the premises, and apply the rents to reimburse himself and that when he should be fully reimbursed the trust should terminate and that in the meantime she was to receive from the rents through him $20 per month.

It is unnecessary to consider the allegations of the complaint or the plaintiff's theory of her cause of action more in detail or further, for sufficient has been stated to show that in any event the appellant had a substantial interest in the premises, and that he went into possession thereof by her consent, and she intended that he should continue in possession and should have authority to collect the rents. It is merely alleged that this agreement, which appears to have been formally acknowledged by the plaintiff, does not contain the true agreement of the parties, and, instead of asking to have it reformed, she asks, on account of the alleged fraud of the appellant and of one Knatz in inducing her to sign it, that it and the mortgage of which he took an assignment be canceled. It appears by an answering affidavit of the appellant that he resides in the borough of the Bronx in the city of Greater New York, and is worth over $100,000 in mortgages on real estate in the city of New York and in real estate in said city, and is well able to pay any judgment that may be recovered against him, and these facts are uncontroverted. The only theory for the appointment of the receiver, disclosed by the record, is that the action involved the title to and right to possession of these parcels of land, and that the appellant obtained possession of the premises by virtue of the agreement which did not embody the true agreement of the parties, and that he subsequently violated his trust in assigning the mortgage which it was intended that he should hold. The only provision of the Code of Civil Procedure applicable to the appointment of a receiver of rents, in such an action as this, is section 713, which, so far as material, provides, in effect, that a receiver of property which is the subject of an action in the Supreme Court may be appointed before final judgment "on the application of a party who establishes an apparent right to or interest in the property where it is in the possession of an adverse party, and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured or destroyed."

The plaintiff, on the facts stated, shows an apparent interest in the property, and possibly a right of possession thereof; but she fails to show that there is any danger that it will be removed or lost, materially injured or destroyed. It is real estate and therefore cannot conveniently be removed. There is no allegation or proof that the moneys which the appellant will receive pending the action, if allowed to remain in possession, will, with those heretofore received by him, amount to more than his equity in the premises, which is prior to that of plaintiff, since he has a conceded equity represented by one mortgage for $5,000, and it would seem that he would at least have a lien on the premises for the amount he paid out at the request of the plaintiff in obtaining an assignment of the other mortgage for $5,000, even though that mortgage and the agreement under which he took the assignment thereof be canceled, for it is specifically alleged that plaintiff requested appellant to purchase and hold the mortgage (National Union Bank v. Riger, 38 App. Div. 123, 56 N. Y. Supp. 545), which she has not done. It is to be borne in mind that the appellant does not concede the claims of the plaintiff with respect to the agreement, and that he is in possession pursuant to a formal agreement signed by the

plaintiff, and that, even though that agreement be void or voidable, she intended that he should have possession. The burden is upon her to establish her right to have it canceled in any event, and, until she does, the appellant is entitled to the possession of the property. Congelton v. Beecher, 56 App. Div. 617, 67 N. Y. Supp. 747. The burden is also on plaintiff to show the necessity for a receivership to protect her.

It follows that the order should be reversed, with $10 costs and disbursements, and motion for the appointment of a receiver denied, with $10 costs. All concur.