[Civ. No. 594. Third Appellate District.—May 9, 1910.]

JOHN T. DAVILA, Respondent, v. FRANK E. HEATH, Appellant; BERKELEY FARM CREAMERY COMPANY, a Corporation, Intervenor, Respondent.

RECEIVER—EX PARTE APPOINTMENT—FAILURE TO REQUIRE BOND TO DEFENDANT—VOID APPOINTMENT.—Where the appointment of a receiver was *ex parte,* and the court failed to require the bond made essential by section 566 of the Code of Civil Procedure, as amended in 1907, the noncompliance therewith rendered the appointment void.

ID.—AMENDMENT MANDATORY.—The effect of the amendment was intended to take all discretion from the court, and to make the requirement of the bond mandatory.

ID.—RIGHT OF APPEAL—ISSUES UNDER PLEADINGS TO BE TRIED.—The appellant was a party aggrieved by the order, and had the right to appeal therefrom. The fact that the answer takes issue upon the complaint, and pleads agency for the intervener, cannot be con-

sidered. The issues may be found for the plaintiff, and can only be determined after trial. Neither the truthfulness of the complaint nor answer can be assumed to deprive plaintiff of the right of appeal.

APPEAL from an order of the Superior Court of Alameda County, appointing a receiver. Harry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Dudley Kinsell, for Appellant.

E. H. Wakeman, and Abe P. Leach, for Plaintiff-Respondent.

John S. Partridge, and C. C. Hamilton, for Intervenor-Respondent.

CHIPMAN, P. J.—This is an action in which a partnership relation is averred in the complaint and an accounting is prayed for. Upon the filing of the complaint the court made and entered its order, *ex parte,* appointing a receiver "upon giving a bond . . . for the faithful performance of his duties as such receiver and upon taking his oath of office in the manner required by law." The complaint was filed August 27, 1908; the order appointing the receiver was made August 31, 1908, and on September 2, 1908, the receiver's bond was approved and filed and his oath of office duly taken. It appears from the clerk's certificate "that no other or further bond or undertaking was ever filed by the receiver in said action or on his behalf, and that no order was ever made by said court fixing the amount of, or requiring from said applicant or plaintiff an undertaking, and that no undertaking was ever filed by or on behalf of said applicant, and that no notice of the hearing of the application for a receiver is on file in this office." Defendant Heath appeals from the order.

Section 566 of the Code of Civil Procedure, among other things, provides as follows: "If a receiver is appointed upon an *ex parte* application, the court, before making the order, must require from the applicant an undertaking, with sufficient sureties, in an amount to be fixed by the court, to the

effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver and the entry upon his docket, in case such applicant shall have procured such appointment wrongfully, maliciously, or without sufficient cause; and the court may, in its discretion, at any time after said appointment, require an additional undertaking." This section of the code, as it then stood, was amended in 1907 (Stats. 1907, p. 710), and the word "may" was changed to "must," so that the statute now declares that if a receiver is appointed upon an *ex parte* application, "the court, before making the order, *must* require from the applicant an undertaking," etc. In *Fischer* v. *Superior Court*, 110 Cal. 129, 139, [42 Pac. 561, 563], the supreme court, speaking through Mr. Justice McFarland, observed parenthetically: "We may remark, however, that the appointment of a receiver to take property and business out of the hands of persons in possession and claiming ownership thereof, without requiring a bond from the plaintiff in the action, would in most cases be a gross abuse of discretion." This was said before the statute was amended, and when the requirement that a bond should be given by the applicant before the appointment of a receiver at his instance was in some degree discretionary. The amendment, it seems to us, was intended to take from the court this discretion and make the requirement mandatory, and that noncompliance with the statute would render the appointment void.

Plaintiff has moved to dismiss the appeal on the ground that defendant is not an aggrieved party. In support of his motion he has attached thereto a copy of defendant's answer and also the answer of intervenor, Berkeley Farm Creamery Company, the latter having been filed September 12, 1908, and the former September 17, 1908, and both some days after the receiver was appointed. The point made by plaintiff is that the sworn answer of defendant avers that the transactions complained of by plaintiff were with the intervenor, in which defendant was acting only as manager and agent of the creamery company and had no personal interest therein. We cannot assume the truthfulness of the averments either of the complaint or the answer. The issues there presented must be tried. Upon plaintiff's showing defendant is a necessary party to his action. So far as we can now know the trial

may disclose the facts to be as plaintiff avers. Appellant cites *Amory* v. *Amory*, 26 Wis. 152, where the appeal was dismissed on the ground here alleged. But in that case the proof that appellant had no interest in the controversy was the decree of a court determining the fact.

It would be strange, indeed, if, in endeavoring to escape the consequences of a possible judgment against him, the defendant makes averments inconsistent with or contradictory of the averments of the complaint, he thereby ceases to be an aggrieved party and deprives himself of the right of appeal. There is no merit in the point.

The order appointing the receiver was unauthorized, and is therefore reversed.

Burnett, J., and Hart, J., concurred.