[Civ. No. 2387. First Appellate District, Division One.—February 7, 1919.]

JAMES R. RYAN et al., Respondents; WILLIAM MILLER, Intervener, v. HERMAN MURPHY et al., Defendants; ELLA M. MURPHY, Appellant.

RECEIVERS—APPOINTMENT IN CREDITORS' SUIT WITHOUT NOTICE—EMERGENCY.—The appointment of a receiver in a creditors' suit without formal notice cannot be legally made except upon a showing of great emergency.

ID.—ORDER APPOINTING ERRONEOUS IF INDEFINITE.—An order appointing a receiver is erroneous if indefinite in failing to define the scope of the receivership or to describe the property to be affected.

ID.—ORDER ERRONEOUS WHERE LIS PENDENS WOULD HAVE BEEN EFFECTIVE.—An order appointing a receiver is erroneous where the plaintiffs could have adequately protected the property and their interest in it from future alienation by filing a *lis pendens*.

ID.—EX PARTE ORDER VOID FOR FAILURE TO REQUIRE UNDERTAKING.—The order was made *ex parte* and was therefore void under section 566 of the Code of Civil Procedure, for failure to require an undertaking before the making thereof.

APPEAL from an order of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward C. Harrison and Maurice E. Harrison for Appellant.

Vincent Surr for Respondents.

KERRIGAN, J.—This is an appeal by the defendant Ella M. Murphy from an order appointing a receiver in a creditors' action brought to subject certain real property to their claims. The complaints of the plaintiffs and intervener allege the recovery of certain judgments by them against the defendant Herman Murphy, the husband of the appellant; that said Herman Murphy is heavily indebted and insolvent, and that executions on said judgments have been returned unsatisfied; that conveyances of two valuable parcels of land aggregating 939 acres by Murphy to his wife, and by her to others, as well as a certain deed of trust made by Murphy's predecessor in interest to certain of the defendants, were all made without adequate consideration and with intent to hinder, delay, and defraud his creditors. It is further alleged in effect that part of this land has been subdivided into lots, which are being sold on the installment plan, and the court is requested to set aside the conveyances mentioned, so that the property, or as much thereof as may be necessary, may be sold in satisfaction of plaintiff's demand, and that the defendants account for money received as rents, issues, profits, or purchase price of the property. The answers of the defendants put in issue all of the material allegations of the complaints.

From the record it also appears that early in the proceedings plaintiffs gave notice of a motion for the appointment of a receiver for the real property, which motion after hearing was denied; that after the evidence in the case was completed and a verdict had been returned by an advisory jury, a second motion for the appointment of a receiver was noticed, but was not in fact made. Four months later, and three months after the cause was finally submitted for decision, the court made the order appealed from, that "T. W. Nowlin be and he is hereby appointed a receiver herein, with his bond fixed at the sum of five thousand dollars." There was no requirement of a bond from the applicant. The order also set aside the submission, and appointed said Nowlin referee for certain stated purposes.

We have not been favored with the views of plaintiffs in the case, either by briefs or oral argument.

It is obvious that the receiver in this case was appointed without formal notice. Such an appointment, under the established law of this state, cannot be legally made except

39 Cal. App.—41

upon a showing of great emergency. (*Fischer* v. *Superior Court*, 110 Cal. 129, [42 Pac. 561].) In the present case, the appointment having been made after all the evidence *pro* and *con* was introduced, the court was in a position to know whether or not the exigencies of the case necessitated the appointment; and while even under those circumstances notice of the application is required, still it cannot be seriously maintained that in the case at bar an attempt has been made to deprive the defendants of the management of their property without a hearing (34 Cyc. 124), to avoid which is doubtless the object of the statute. However this may be, there are more serious questions presented by the appeal, rendering unnecessary a decision on this point.

We are of the opinion that the order appointing the receiver was erroneous, on the ground of its indefiniteness. It makes no attempt to define the scope of the receivership or to describe the property to be affected thereby. If it was intended that the order should cover all the real property described in the complaints, and the rents, issues, and profits thereof, it would be void, for the reason that according to the plaintiffs' own showing, it would cover property greatly in excess of enough to secure the claims against the judgment debtors. (*First Nat. Bank* v. *Kirkby et al.*, 43 Fla. 394, [32 South. 881]; 23 Am. & Eng. Ency. of Law, 1048.) If, on the other hand, it was intended that the order should embrace less than all the property described in the complaints, then it must be held void for failure to definitely describe such property. It has been held that a failure to describe with sufficient exactness the premises covered by a receivership is sufficient ground for reversal of the order of appointment. (*Salisbury* v. *Wilcox*, 128 Cal. 347, [60 Pac. 979].) "An order for a receiver ought to state distinctly on the face of it over what property the receiver is appointed." (34 Cyc. 139, and cases cited; Alderson on Receivers, sec. 140.) The order "ought to state so distinctly on the face of it over what property the receiver is appointed that a party may know what it is the officer of the court is in possession of." (*Crow* v. *Wood*, 13 Beav. 271.) ·

Moreover, it may be said that the plaintiffs could (if they had not done so) have adequately protected their interest in the property against future alienation thereof by filing a *lis pendens*. Thus, in *National Union Bank* v. *Riger*, 38

App. Div. 123, [56 N. Y. Supp. 545], which was an action by a judgment creditor to subject certain land to his claim, it was held erroneous to appoint a receiver where there was sufficient equity in the property to satisfy the judgment. The court remarked that in such a case the creditor was adequately protected by the filing of a *lis pendens.*

As before stated, the order was made *ex parte* and without requiring any bond of the applicant, and was therefore in clear violation of the provisions of section 566 of the Code of Civil Procedure, which declares that in such a case "the court, before making the order, must require from the applicant an undertaking, with sufficient sureties, in an amount to be fixed by the court, to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver and the entry by him upon his duties, in case the applicant shall have procured such appointment wrongfully, maliciously, or without sufficient case. . . ." This requirement of the section is mandatory; and where it has not been complied with, the appointment is void. (*Davila* v. *Heath,* 13 Cal. App. 370, [109 Pac. 893]; *Fischer* v. *Superior Court, supra; Dreyspring* v. *Loeb,* 113 Ala. 263, [21 South. 73].)

For the reasons given the order is reversed.

Waste, P. J., and Richards, J., concurred.