[Civ. No. 9011. First Appellate District, Division Two.—December 4, 1933.]

CORA M. McCALL, Respondent, v. McCALL BROTHERS COMPANY (a Copartnership) et al., Defendants; THADDEUS D. McCALL, Appellant.

M. W. Conkling and Harry W. Horton for Appellant.

Holbrook, Taylor, Tarr & Horton for Respondent.

SPENCE, J.—Plaintiff brought this action for a dissolution of copartnership, for an accounting and for the appointment of a receiver. Upon the filing of the verified complaint the trial court made an *ex parte* order appoint-

ing a receiver. Defendant Thaddeus D. McCall appeals from said order.

The sole contention made by appellant is that the trial court erred in making an *ex parte* order appointing a receiver as no showing was made that irreparable injury would result unless a receiver was so appointed. In our opinion this contention must be sustained. (*A. G. Col Co.* v. *Superior Court*, 196 Cal. 604 [238 Pac. 926]; *Fischer* v. *Superior Court*, 110 Cal. 129 [42 Pac. 561]; *Tyler* v. *Park Ridge Country Club*, 103 Cal. App. 117 [284 Pac. 247]; *Ryan* v. *Murphy*, 39 Cal. App. 640 [179 Pac. 517]; *Hobson* v. *Pacific States Mercantile Co.* 5 Cal. App. 94 [89 Pac. 866].) In *Fischer* v. *Superior Court, supra,* the Supreme Court said at page 138 of the opinion: "The general rule, no doubt, is that so harsh a measure as the appointment of a receiver to take property out of one's possession without trial will not be indulged in by a court without previous notice to the defendant. It would be unjustifiable, except where it clearly appeared that irreparable injury would be done during the few days necessary for a hearing on notice . . . " In *Ryan* v. *Murphy, supra,* at page 641, the court said: "It is obvious that the receiver in this case was appointed without formal notice. Such an appointment, under the established law of this state, cannot be legally made except upon a showing of great emergency." The allegations of the complaint in the present case were insufficient to show any "great emergency" or that any irreparable injury would be done during the few days necessary for a hearing on notice" of an application for the appointment of a receiver.

The *ex parte* order appointing the receiver is reversed.

Sturtevant, J., and Nourse, P. J., concurred.