Filed 3/25/24  Podell v. MAG Wellness CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| STEVEN PODELL, Plaintiff, v. MAG WELLNESS, INC., Defendant and Respondent, BAK FESTIVALS, INC., Appellant. | A166329 (Alameda County Super. Ct. No. RG21110007) |

Appellant BAK Festivals, INC. dba Grupo Flor (Grupo) appeals from an order denying its motion to vacate, a motion based on the claim that the orders it sought to vacate were void, as they followed an ex parte proceeding that did not meet the requirements of the California Rules of Court.  We conclude that the ex parte ruling was in violation of the law, and we reverse.

**BACKGROUND**

In November 2020, Grupo entered into a written management services agreement with MAG Wellness (MAG) under which Grupo would manage and administer MAG's business, including operating its retail cannabis dispensary in Oakland.  The agreement expressly provided it would terminate on May 24, 2021.

1

Grupo had ceased operations of the dispensary as of May 20, 2021, and on that day transported the cash remaining on the dispensary premises to Grupo's facility in Salinas (hereafter, for consistency with the briefing, the disputed cash).

On August 16, 2021, Steven Podell, a former employee, filed a complaint against MAG alleging two causes of action, for breach of contract and common counts, based on a failure to pay Podell wages. The complaint also sought a receivership.

On August 23, the case was assigned for all purposes to the Honorable Delbert Gee.

On October 6, Judge Gee entered an order appointing Kevin Singer as receiver over MAG. The order was based on a stipulation between Podell and MAG that recited the parties have agreed that the sale of MAG was in the best interest of all parties. It is worth noting that the declaration of Singer that was submitted to the court in support of the stipulation read at the top as follows:

> "KEVIN SINGER
>
> "SUPERIOR COURT RECEIVER/REFEREE
>
> "RECEIVERSHIP SPECIALISTS
>
> "795 Folsom Street, 1st Floor
>
> "San Francisco, California 94107  [¶] . . . [¶]
>
> "E-mail:  Kevin@RecveivershipSpecialists.com"

As will be seen, it appears that arguments Singer made to the court below indicated that his experience, or the fact that this matter involves a receivership, somehow deserved special treatment, and thus made various rules inapplicable.

On October 14, Scott Yahraus, representing himself as "working" for Singer, sent an email to Kendra Clark, general counsel of Grupo, demanding that Grupo turn over the disputed cash. The basis for the demand asserted that "[p]er the attached court order appointing the receiver, paragraph 19 on page 7 of the PDF states '**All banks and financial institutions or other persons or entities that hold any accounts containing Collateral shall turn over all such funds in any such accounts to the Receiver upon presentation of copy of this Order, and shall provide copies of any requested records regarding any such accounts to the Receiver**.'"

On October 25, Ms. Clark emailed her response, that Grupo owned the funds, and would not turn them over.

On November 9, Blake Alsbrook, an attorney for Singer, sent an email advising that the receiver was filing an ex parte application requesting an order to show cause why Grupo should not immediately turn over the disputed cash. The email did not state a time or place for the hearing on the application, but rather stated that "this Application will be heard on the papers without a formal hearing. To the extent that you intend to oppose the ex parte application, I am informed that briefs may be electronically filed."

That same day, November 9, Singer filed an ex parte application for issuance of an order that sought various items, which application states on its cover page that "no hearing required." In pertinent part, the application asserted it was "made on an ex parte basis because (1) counsel is immediately necessary to address a multitude of compliance and other legal issues in this matter . . . and (3) Grupo is holding cash that properly belongs under the Court's control. As the Court is aware, cash is easily transferrable and may be secreted at any moment."

We are unable to precisely determine what happened following November 9.  What is in the record is a November 22 order signed by Judge Gee, which order begins as follows:  "The Court having considered Receiver Kevin Singer's ("Receiver") ex parte application for the issuance of an order . . . ."  We do not understand how Judge Gee's order could be proper, not in light of the California Rules of Court regarding ex parte proceedings, especially the rules of notice.

What the Rules contain, and how they must be applied, are thoroughly described in the book providing guidance and instruction—and practical tips—to trial judges, in the book published by The California Center for Judicial Education and Research—California Judge's Benchbook, Civil Proceedings Before Trial (CJER 2022) (Benchbook).  As the Benchbook describes itself, it "focuses on the judge's role," provides "practical working tools to enable a judge to conduct proceedings fairly, correctly, and efficiently. [It is] written from the judge's point of view, giving the judge concrete advice on what to look for and how to respond."  (Benchbook, *supra*, Preface, p. v.)

Part III of Chapter 6 of the Benchbook is entitled "Ex Parte Applications."  And section 6.38 is entitled "Required Documents," which, as we read the record here, might not have been served on Grupo.[1]  But a more

---

[1] This is how the Benchbook puts it:

"*List of required documents.*  A request for ex parte relief must be in writing and must include all of the following documents:

"• An application that contains the case caption and states the relief requested.  (Cal. Rules of Court[, rule] 3.1201(1).)

"• A declaration in support of the application that makes an affirmative factual showing and contains competent testimony based on personal knowledge of irreparable harm, immediate danger, or other statutory basis for granting ex parte relief.  (Cal. Rules of Court[, rules]  3.1201(2), 3.1202(c).)

4

fundamental problem—and the basis of Grupo's position—is that the notice required by the Rules was not given—an argument with which we agree.

Section 6.39 of the Benchbook is entitled "Notice to Other Parties," and provides in pertinent part as follows:

"*Time of notice:  in general.*  A party seeking an ex parte order must notify all parties no later than 10:00 a.m. on the court day before the ex parte appearance, absent a showing of exceptional circumstances justifying a shorter time for notice.  Cal[ifornia] Rules of C[our]t[, rule] 3.1203(a).  See *Newsom v. Superior Court*[*, supra,*] 51 Cal.App.5th [at pp.] 1098–1099 . . . ; *Datig v. Dove Books, Inc.* (1999) 73 Cal.App.4th 964, 976 (voicemail message from applicant's attorney asking opposing attorney to call applicant's attorney was insufficient notice).  See also *Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 280 (fact that California Rules of Court[, rule] 1.100(c)(1) allows application for an accommodation by a person with a disability to be made ex parte does not dispense with notice requirements of California Rules of Court[, rule] 3.1203(a)).  [¶] . . . [¶]

---

"• A declaration based on personal knowledge of the notice given under Cal[ifornia] Rules of C[our]t, rule 3.1204.  (Cal. Rules of Court[, rule] 3.1201(3).  See § 6.39.

"• A memorandum.  (Cal. Rules of Court[, rule] 3.1201(4).  See § 6.3.)

"• A proposed order.  (Cal. Rules of Court[, rule] 3.1201(5); *Newsom v. Superior Court* (2020) 51 Cal.App.5th 1093, 1098–1099.  See § 6.7.)

"*Contents of application.*  An ex parte application must state the name, address, email address, and telephone number of any attorney the applicant knows is an attorney for any party or, if no such attorney is known, the name, address, email address, and telephone number of the party if known to the applicant.  (Cal. Rules of Court[, rule] 3.1202(a).)"

5

"*Contents of notice.* The notice must state with specificity the relief that will be requested and the date, time, and place for the presentation of the ex parte application. (Cal. Rules of Court[, rule] 3.1204(a)(1).)

"*Opposing party's appearance.* The party seeking ex parte relief must attempt to determine whether opposing party will appear to oppose the application. (Cal. Rules of Court[, rule] 3.1204(a)(2).)

"*Declaration regarding notice.* An ex parte application must be accompanied by a declaration regarding notice that states:

"• The notice that was given, including: (1) the date, time, manner, and name of the party informed; (2) the relief sought; (3) any response; (4) whether opposition is expected; and (5) that, within the applicable time, the applicant informed the opposing party where and when the application would be made (Cal. Rules of Court[, rule] 3.1204(b)(1));

"• That the applicant in good faith attempted to inform the opposing party, but was unable to do so, specifying the efforts made to inform the opposing party (Cal. Rules of Court[, rule] 3.1204(b)(2)); or

"• That, for reasons specified, the applicant should not be required to inform the opposing party (Cal. Rules of Court[, rule] 3.1204(b)(3).)

"While the goal of the ex parte procedure may be to provide expedited relief, the procedures are designed to ensure the participation, if possible, of the opposing party. Thus, the party seeking ex parte relief must properly notify the opposing party from whom relief is sought. If the opposing party has not been properly notified and does not appear at the hearing, the judge may not grant the relief sought. (*Newsom v. Superior Court, supra,* 51 Cal.App.5th at [p.] 1099.)"

There followed this practice tip in a bolded box:

6

> "*Judicial Practice*: Many judges insist on receiving details about each attempt at service, such as who took what action, where, at what time, and why the attempt was unsuccessful."

The November 9 email does not measure up.

Despite that the notice requirements were not met, on November 22, Judge Gee issued his order entitled "Order Authorizing Receiver Kevin Singer to Retain Counsel; Setting Receiver's Bond Amount; and Order to Show Cause Directing BAK Festivals, Inc. DBA Grupo Flor To Appear and Show Cause Why It Should Not Immediately Turn Over Receivership Funds To Receiver." (OSC) The OSC also contained the following declaration regarding jurisdiction: "This Order to Show Cause and the supporting Application of the Receiver shall be served pursuant to California law on Grupo on or before December 10, 2021, with mailing to Grupo via its agent for service of process and it [*sic*] attorney being equivalent to personal service, and with such service providing this Court with jurisdiction over Grupo."

On December 28, Grupo filed its response to the OSC. The response expressly stated that Grupo was making a special appearance solely to object to the trial court's exercise of jurisdiction, arguing the court lacked jurisdiction to utilize its powers to order Grupo, a stranger to the receivership action, to surrender to the receiver any property Grupo claimed to own.

Singer filed a reply, included within which was this representation: "In a separate email to Ms. Clark, on November 9, 2021, Receiver's counsel sent notice that the Receiver was filing the Application. *See*, Exhibit 8 to the Application. The email did not state a time or place for the hearing on the Application, rather it informed Ms. Clark that 'this Application will be heard on the papers without a formal hearing. To the extent that you intend to

7

oppose the ex parte application, I am informed that briefs may be electronically filed.' *See, Id.*" Exhibit 8 referenced in the declaration was Mr. Alsbrook's email described above.

On January 6, 2022, Judge Gee ordered the OSC hearing continued to January 24. The order also provided as follows: "The Court will provide notice to all parties and third party BAK Festivals, Inc. to appear by video. [¶] Receiver ordered to give notice of this order to third party BAK Festivals, Inc. [¶] Kevin Singer (Non-Party) must forthwith serve a copy of this order on all counsel of record and self-represented parties, and file proof of service. [¶] Clerk is directed to serve endorsed-filed copies of this order, with proof of service, to counsel and self-represented parties of record by mail."[2]

On January 24, an order to show cause hearing was held via bluejeans video conference. Grupo did not appear. At the conclusion of the hearing Judge Gee took the matter under submission, and asked Singer's counsel to submit an order.

Counsel did so, and on February 7, Judge Gee signed an order directing Grupo to "turn over Receivership Funds to Receiver," specifically (1) ordering Grupo to turn over the disputed cash to the Receiver within seven days after the entry of the order; (2) ordering that an "evidentiary hearing" be held on March 21, 2022, "for a final determination of ownership of the [disputed] cash"; and (3) providing that Grupo and the Receiver may simultaneously file declarations and points and authorities establishing any asserted ownership interest in the disputed cash no later than February 28, and that responsive

---

[2] There is no showing in the record that the notices and services required by order were given.

authorities or declarations must be simultaneously submitted by the Receiver and Grupo no later than March 14.

On February 9, Receiver's counsel served Grupo with notice of entry of the turn-over order.

On February 17, Grupo filed and served an ex parte motion to stay the turn-over order pending an anticipated petition for writ of prohibition challenging it.

On February 22, the Receiver filed an opposition to the Stay Motion and a supporting declaration.

On April 5, Judge Gee held an evidentiary hearing, in which Grupo did not participate. That same day, he issued his order that, following several recitals, concluded as follows: "Therefore, the Court orders and decrees that the $68,000 taken by Grupo from the safe of Mag Wellness Inc. is the property of Mag Wellness Inc., and shall be turned over to and held by Receiver Kevin Singer, along with the other assets in the Mag Wellness Inc. receivership estate, pending further order of this Court."

On June 22, 2022, Grupo filed a Motion to Vacate the February 7 and April 5 orders, asserting they were void under Code of Civil Procedure section 473, subdivision (d). The motion was simple and straightforward, asserting that the November 9 email "failed to comply with California Rules of Court, rule 3.1204(a)(1) and (b)(1)." And, it added, "Corporate Counsel for Grupo recognized that Receiver's counsel failed to comply with California Rules of Court[, rule] 3.1204(a)(1) and (b)(1) (requiring that notice of an ex parte application state with specificity the date, time, and place for the presentation of the application) in noticing the hearing on the Application. Without knowledge of when or where the Application was to be heard, and out of an abundance of caution not wishing to submit Grupo to the Court's

9

jurisdiction in this matter, Grupo declined to submit a brief opposing the Order to Show Cause called for in the Application."

Singer filed opposition, which opposition did not even attempt to rebut Grupo's argument, containing no reference to any Rule of Court. Instead, the opposition argued that: (1) Grupo failed to properly seek relief regarding the court's orders; the motion fails to comply with Code of Civil Procedure section 1008; and (3) the Court's turn over order and evidentiary hearing are not void, arguing essentially that somehow receiverships were special, going so far as to assert that "once again, Grupo misses the mark by failing to understand that the present case is a receivership case."[3]

Grupo filed a reply brief pointing out the receiver's failure to address Grupo's argument.

The Motion to Vacate came on for hearing on August 10, and that same day Judge Gee issued his order denying it.

An order denying a motion to vacate a void order is appealable. (*Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 5; *Carlson v.*

---

[3] It may be that a receivership can be obtained on an ex parte basis. But even then, it is subject to much scrutiny. Citing many cases, Witkin describes it this way: "It has been pointed out that the remedy of receivership is available only on a strong showing of necessity and lack of other adequate remedy. [Citation.] An ex parte order is still more harsh and should be issued only in an emergency that makes immediate action imperative. Several cases have held the showing insufficient. (See *A.G. Col Co. v. Superior Court* (1925) 196 Cal. 604, 613; *McCall v. McCall Bros. Co.* (1933) 135 Cal.App. 558, 559; *Rogers v. Smith* (1946) 76 Cal.App.2d 16, 21; *Turner v. Superior Court* (1977) 72 Cal.App.3d 804, 810, fn. 2.) . . ." (6 Witkin, Cal. Proc. (6th ed. 2023) Provisional Remedies, § 501.)

In any event, that is not the issue here, where the appointment of the receiver was done by stipulation. The issue here involves subsequent activity by the receiver affecting a stranger to the litigation.

10

*Eassa* (1997) 54 Cal.App.4th 684, 691.) And on October 6, Grupo filed its notice of appeal.

## DISCUSSION[4]

In *Newsom v. Superior Court*, *supra*, 51 Cal.App.5th 1093, an off-cited case involving the Governor, the Court of Appeal confirmed the care—and caution—a trial court must use in ex parte proceedings. "Various court rules govern ex parte proceedings, which are designed to afford relief on an essentially emergency basis. 'A court will not grant ex parte relief "in any but the plainest and most certain of cases." ' (*People ex rel. Allstate Ins. Co. v. Suh* (2019) 37 Cal.App.5th 253, 257.) Substantively, '[a]n applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.' [Citations.] 'A trial court should deny an ex parte application absent the requisite showing.' (*People ex rel. Allstate Ins. Co.*, at p. 257.)" (*Newsom*, *supra*, 51 Cal.App.5th at p. 1097.)

Those principles apply to the actual issuance of an ex parte order. But even before one gets to that point, there are rules about the required notice, rules that were not met here.

*Newsom* is dispositive. There, pursuant to his emergency powers, the Governor issued an executive order requiring all voters be provided vote-by-mail ballots. Real parties in interest filed a complaint for declaratory and injunctive relief in the superior court challenging the executive order, and sought ex parte relief. But the notice, which was sent by email sent just a

---

[4] Singer did not file a respondent's brief, and so we will "decide the appeal on the record, the opening brief, and any oral argument by [Grupo]." (Cal. Rules of Court, rule 8.220(a)(2).)

11

few minutes before the 10:00 a.m. deadline, was not proper notice to Governor because it was sent to attorneys at Department of Justice, who promptly advised the real parties in interest that they were not authorized to accept service on Governor's behalf, and real parties in interest did not serve the Governor until afternoon before hearing).  The trial court nevertheless granted the temporary restraining order and suspended the executive order

The Court of Appeal issued a writ of mandate directing the superior court to vacate its order and to enter a new and different order denying the ex parte application for relief, concluding that there was no basis for the superior court to grant real parties in interest relief using ex parte procedures prescribed by California law, as the hearing on the ex parte application was held without proper notice to the Governor for his appearance.

We end with this observation by our Supreme Court made over 100 years ago, in *Consolidated Const. Co. v. Pacific Elec. Ry. Co.* (1920) 184 Cal. 244, 246, where an order of dismissal was made on an ex parte application by a judge acting under mistake of fact:  "[T]he case is a good illustration of the complications and difficulties, with their incidents of delay, expense, tribulation, and not infrequently injustice, which are fairly certain to ensue upon the courts tolerating the practice of obtaining ex parte orders in any but the plainest and most certain of cases."  To that we say "Amen."

### DISPOSITION

The order denying the motion to vacate is reversed, and the matter is remanded to the trial court to enter a new order granting the motion to vacate.  Grupo shall recover its costs on appeal from the receiver.

_____
Richman, J.

We concur:


_____
Stewart, P.J.


_____
Mayfield, J. *


*Podell v. MAG Wellness, Inc.* (A166329)

     *Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13